## PORTLAND BANK *vs.* GERSHOM HYDE & *al. and trustees.*

G. H. & Co. gave to W. H. a member of the firm, their promissory note, in the company name, for a valuable consideration. W. H. failed in business and assigned this note, and a claim in account against G. H .& Co., with other property, to trustees for the benefit of his creditors. G. H. & Co. also failed, and assigned all their property to trustees, for the benefit of their creditors. The assignees of W. H. became parties to the assignment of G. H. & Co. for the amount of the note and account aforesaid. The assignees of G. H. & Co. were then summoned in a trustee process by the creditors of the company, and by the Court it was *held*, that the trustees could not retain the property of G. H. & Co. to pay the assigned claim of W. H. to the exclusion or injury of the creditors of the Company.

Where two companies are composed in part of the same individuals, no action at law can be maintained by one against the other.

THE facts in this case are clearly stated in the opinion of the Court.

*Willis*, for the plaintiffs, contended that the claim of *William Hyde* should be rejected, on the ground that he, being a partner, had no right to draw upon the company fund to satisfy his own claim until after the partnership debts were paid, and cited the following authorities: 1 *Chitty's Dig. of Chan. Rep.* 113; *Ex parte Ellis*, 2 *Glyn & Jameson*, 312; *Ex parte Sillitoe*, 1 *Glyn & Jameson*, 312; *Ex parte Taylor*, 2 *Rose Rep.* 734; 3 *Kent's Com.* 115.

His assignees stand on no better ground than *Hyde* himself. *Fox* v. *Hambray, Cowp.* 449.

*Fessenden* and *Deblois*, for the trustees, insisted that, though *Wm. Hyde*, while owning the note, could not come in and claim

a satisfaction out of the partnership property, yet that the note being in the hands of an assignee, for a valuable consideration, payment might be enforced. *Russell* v. *Swan*, 16 *Mass.* 314.

The mere mode of transfer of the note cannot affect the main question. Assignment is equal to indorsement, so far as respects the property, though not in respect to the action. Courts will ever protect equitable interests under assignments. *Jones* v. *Witler*, 13 *Mass.* 304 ; *Dunn* v. *Snell*, 15 *Mass.* 481 ; *Vose* v. *Handy*, 2 *Greenl.* 322.

All the cases cited on the other side are where the individual member of the firm came in and claimed, and not his assignee.

The opinion of the Court was delivered at a term held in *August* following, by adjournment from *April*, by

PARRIS J. — The persons attempted to be charged as trustees in this case, are the assignees of *Gershom Hyde & Company*, a firm composed of *Gershom Hyde* and *William Hyde*. The assignees claim to hold the property for the purpose of paying such creditors of *Gershom Hyde & Company*, as had become parties to the indenture, previous to the service of the writ in this case on the trustees ; and among others, of paying a debt alleged to be due from the firm of *Gershom Hyde & Company* to *William Hyde*, one of the partners, and claimed by *Gray* and *Willis*, as assigned to them by the said *William Hyde*, for the purpose of paying his separate creditors.

If the assignees can appropriate the partnership property of *Gershom Hyde & Company* for the payment of this debt, considering it as entitled to the same preference as other debts due from the company, then they are not holden as trustees in this action, inasmuch as the partnership property would all be absorbed in paying such of the creditors of the company as had become parties to the indenture previous to the service on the trustees. The assignees disclose that *William Hyde* was a creditor of the firm, holding a note against *Gershom Hyde & Company*, for $6422,04.

If this note had remained in the hands of the payee, what would have been his rights and remedy, especially in relation to the other partnership creditors ?

As to his remedy, it is clear that he could have none at law against the company. He could not be both plaintiff and defendant in the same suit, as must necessarily be the case in any action that could be brought on the note. He is the payee of the note; the creditor to whom the amount purports to be due. He is also one of the promissors, and must be particularly described as such in any process that should be instituted to compel payment. How then could any action be maintained on the note in the name of *William Hyde?* The authorities are abundant against it. A plea in bar that the promise was made by the defendants jointly with the plaintiff would be sufficient. 1 *Chitt. plead.* 26; 1 *Wentw.* 17, 18; *Moffatt* v. *Van Millingen,* 2 *Bos. & Pull.* 124 *note,* where *Buller J.* says, "The promise was made jointly with one of the plaintiffs. How can he sue himself in a court of law? It is impossible to say, that a man can sue himself." *Bosanquet* v. *Wray,* 6 *Taunt.* 597; *Griffith* v. *Chew,* 8 *Serg. & Rawle,* 30. The two cases last cited are authorities to the point, that partners in one house of trade cannot maintain an action against partners in another house of trade, of which one of the plaintiffs in the partner's house is a member, for transactions which took place while he was a member of both houses; — and the same principle is recognized in *Cary on partnership, page* 69, where it is said that where the same individual is a member of two different firms, an action of assumpsit cannot be brought by one firm against the other, for in such case the same person would be both plaintiff and defendant in the action; nor after the death of such member, by one firm against the other, for a debt due in his lifetime, — see also page 114, 115. *Gow,* in his treatise on partnership, *page* 132, says, where the same persons are engaged in two different firms, and a contract is made by the one concern with the other, or the negotiable paper of the one gets into the possession of the other concern, damages cannot be recovered at law for the breach of the contract, nor can payment of the negotiable instrument be enforced by any legal remedy. The individuality of the person of the common partner cannot be severed; no man can contract with himself, nor can he bind himself in the society of one set of persons to another in which he is also a partner. Neither the contract or the negotiable security can be made the foundation of an action at law.

*Gray* and *Willis,* as the assignees of *William Hyde,* would seem to stand in no better situation. The objection goes to the root of the contract. As was said by the Court in *Bosanquet* v. *Wray,* before cited, no legal contract could subsist between an individual and the company of which he was a member; and by *Gow, page* 132, " it makes no difference whether the action be brought in the lifetime or after the decease of the common partner, because as no legal contract ever existed, it cannot in any event be rendered available at law." See also *De Tastet* v. *Shaw,* 1 *Barnw. & Ald.* 664. In 5 *Comyn's Digest, Day's ed.* 85, it is said that an assignee, executor or separate creditor, coming in the right of one partner against the joint property, comes into nothing more than an interest subject to an account between the partnership and the partner, and therefore to the joint debts.

This principle has long been recognized in the American and English Courts. It was said by *Kent, Chancellor,* in *Nicoll* v. *Mumford,* 4 *Johns. Ch. Rep.* 523, that no separate creditor of a partner can be entitled to more than the person in whose place he stands. In the case of the assignees of *Lodge & Fendal,* 1 *Ves. jr.* 166, it was decided by *Lord Thurlow,* that assignees under a separate commission against one partner, cannot come upon the joint estate for a sum brought into the partnership beyond his share, and this was recognized as law in *Ex parte Reeve,* 9 *Ves. jr.* 589. So in *Ex parte Burrell, Ex parte Parker,* and *Ex parte Pine, Cooke's B. L.* 544, the application in each case was by the assignees of the individual partner, that they might be allowed out of the joint estate for money brought by their principal into the partnership beyond his share, and as being, therefore, a creditor on the partnership for that sum, and the applications were refused on the principle that an individual partner cannot be a creditor on the partnership in competition with the joint creditors.

In *Ex parte Harris,* 2 *Ves. & Beames,* 210, *Lord Elden* said, " There has long been an end to the law, which prevailed in the time of *Lord Hardwicke,* whose opinion appears to have been, that if the joint estate lent money to the separate estate of one partner, or if one partner lent to the joint estate, proof might

Portland Bank *v.* Gershom Hyde & al. and trustees.

be made by the one or the other in each case, (alluding to the case *Ex parte Hunter*, 1 *Atkyns*, 225.) That has been put an end to; a partner cannot come in competition with separate creditors of his own, nor, as to the joint estate, with the joint creditors. The consequence is, that if one partner lends £1,000 to the partnership, and they become insolvent in a week, he cannot be a creditor to the partnership, though the money was supplied to the joint estate;— that is, he cannot be a creditor so as to affect the other partnership creditors, though he may have a right against the individual partners." It is said by *Cary*, in his treatise before cited, that it is established that one partner cannot prove a debt due to him from the firm in competition with the joint creditors. *Cary on partnership*, 237,— and the same principle is recognized in *Ex parte Ellis*, 2 *Glyn & Jameson*, 312; *Ex parte Taylor*, 2 *Rose*, 175; *Ex parte Hargreaves*, 1 *Cox*, 440.

In *Lyndon* v. *Gorham & trustee*, 1 *Gall*. 367, *Story, J.* said, " he considered the trustee process in the nature of a bill in equity to reach the funds of a debtor, and subject to all the liens and equities between the original parties." Now what are the equities in the case at bar? Which set of creditors are most equitably entitled to the partnership effects of *Gershom Hyde & Company*,— the creditors of the company or *William Hyde*, one of the partners, and his creditors? This amount of property was, by *William Hyde*, suffered to remain as a portion of the funds of the company, and upon the faith of these funds the company were enabled to obtain a credit. *William Hyde*, being one of the partners, must have known the embarrassed pecuniary condition of the partnership, and having advanced this sum to the firm, or permitted it to remain apparently as partnership funds, ought not to withdraw it to the injury of those who, upon the faith of it, gave credit to the company. It is upon the same principle as where a person who suffers his name to be used as a copartner, cannot avoid the liabilities of that relation, although in fact he may have no interest in the partnership funds, or right to the partnership profits. He permits the use of his name as a co-partner, whereby the company may be enabled to obtain greater credit, and it would be inequitable to permit him to escape from the liabilities of the company, which had been incurred in conse-

Portland Bank *v.* Gershom Hyde & al. and trustees.

quence of the use of his name. Equally inequitable would it be to permit a partner, either directly or indirectly, through his individual creditor, to withdraw a portion of the partnership funds, on the faith of which extensive credits may have been obtained, when by such withdrawal the company funds would be so diminished as to be inadequate to the payment of the company debts.

The general principle is, that those funds shall be liable upon which the credit was given. Those who sell goods or make contracts with a company or firm, are supposed to trust to the ability or property of the firm. Those who trust the individual member rely upon his sufficiency alone. The former are equitably entitled to be first paid out of the joint stock. *Lord* v. *Baldwin,* 6 *Pick.* 348. Accordingly, if a partner is a creditor upon the partnership fund, he can have no satisfaction, but out of the surplus which shall remain after the joint creditors are paid, *for the joint creditors rely upon the ostensible state of the fund, and give credit to it accordingly. Cook's B. L.* 541.

Suppose a company of three, each member contributing to the common stock $5000, and taking a company note as his security. Would it be equitable after the company had contracted debts far beyond the amount of their joint stock and become deeply insolvent, to permit the partners to come in equally with the company creditors and share in the company effects?

We think not. The partnership creditors, those who had given credit upon the faith of the partnership effects, should be first paid, before either the equitable or legal rights of the individual partners upon the partnership property can attach. And it can make no difference whether the individual partner comes in by himself or by his assignees or representatives. The injustice to the company creditors would be the same.

What would be the legal effect of a negotiable note given by the firm to a partner and by him indorsed, we are not called upon to decide. If it would enable the indorsee to come upon the partnership effects of an insolvent company, having the same priority as other partnership creditors, it would be in consequence of the law peculiar to bills of exchange and other negotiable paper, by which they are upheld in the hands of innocent purchasers. Such seems to have been the ground upon which *Smith* v.

*Lusher*, 5 *Cowen*, 688, was decided. But there are very marked distinctions between that case and the one before us. There the note was negotiated by indorsement, and the action brought in the name of the indorsee. Here, if the note was assigned at all, which from the phraseology of the indenture is a question, perhaps not free from doubt, it was not transferred by indorsement as negotiable paper, but by the general assignment, it passed as a chose in action, and no suit could be maintained upon it except in the name of the payee. In the case referred to, the firm was solvent, so that there was no question between conflicting creditors. The company creditors interposed no objections; the resistance came from the partners themselves. Not so here. The great controversy is between the creditors of the company, and the creditors of the individual. We, therefore, avoid giving any opinion upon a case like that of *Smith* v. *Lusher*, until it shall come before us; — but we are of opinion that the persons summoned as trustees in this action cannot retain the partnership funds of *Gershom Hyde & Company*, to pay the company note to *William Hyde*, or his individual account against the company.