GEORGE MORTON *vs.* NATHAN WEBB.·

If two writs be sued out on the same day, and both served at different times, the one first served will abate the other, but not *e. converso.*

A trustee action pending will not abate a subsequent suit in the common law form between the principal parties and for the same cause of action.

The non-joinder of a dormant partner as plaintiff is no ground of abatement, nor can it be taken advantage of on trial.

This was an action on book, to which the defendant pleaded in abatement, the pendency of a former suit for the same cause of action. To this the plaintiff replied, that the other suit referred · to was a trustee or factorizing process, summoning certain persons as the trustees of the defendant, which writ was sued out on the same day with the writ in this suit, but not served until after the service of the writ in this suit. To this replication the defendant demurred. The county court adjudged the replication sufficient, to which the defendant excepted.

The case was referred to an auditor, who reported, among other things, that one S. B. was a secret or dormant partner with the plaintiff, and equally interested with the plaintiff in the claim in suit. The county court rendered judgment for the plaintiff, notwithstanding the objection that S. B. should have been joined in the suit, to which the defendant also excepted.

*Harrington and Smalley and Adams for defendant.*—1. The pleadings in this case show that two suits were commenced at the same time for the same cause of action. This is good cause of abatement of both actions.—1 Saund. P. & E. 19, and authorities there cited. Arch. Plead. 320.

2. From the report of the auditors, it appears, that Sidney Baldwin was partner with plaintiff, and jointly interested in this suit, and ought therefore to have been joined with plaintiff in the suit.—1 Saund. P. & E. 18.

*H. Adams contra.*—A general demurrer to a replication to a plea in abatement will reach to formal defects in the plea itself.

The plea in abatement is defective, because it is not alleged therein that there was another action *pending* when this writ was *purchased.*—5 Mass. Rep. 174, *Commonwealth vs. Churchill.* Year Book, 39, Hen. 6, 12 pl. 16.

The purchase of the writ may be considered at any moment of the day of its date, which will best accord with the justice of the case.—15 Mass. Rep. *Badger vs. Tenney,* 364.

GRAND ISLE,
January,
1835.

Morton
vs.
Webb.

Every court has its own rule respecting what shall be considered the commencement of an action.—Ballentine on Limitations, 118.

In the action on book, a dormant partner cannot join as co-plaintiff in a suit to recover a debt due the company.—2 Vt. Rep. 65, *Boardman* vs. *Keeler and Allen.* 5 Vt. Rep. 116, *Hilliker* vs. *Loop.* 5 Mass. Rep. 174.

The opinion of the court was delivered by

PHELPS, J.—To some purposes the suing out of a writ is deemed the commencement of a suit, and to some purposes the service of the writ is the commencement. Still it is considered, under our practice, that a writ is under the absolute control of the plaintiff until served. He may suppress it if he choose, and, in general, no other person can have any interest in it until served. Then indeed it becomes a suit pending, and to some purposes has relation to the impetration of the writ. It follows, that the mere suing out of a writ, the same not being served, will not abate a writ subsequently sued out and served. If two writs be sued out at the same time, and one be served, it is not liable to be abated by a subsequent service of the other. But the latter suit is abatable. So it was in this case ; the factorizing suit was abated by the pendency of this suit. But the reverse will not hold.

The pendency of a factorizing suit will not abate a common law suit between the principal parties, though for the same cause of action. The reason is, that the factorizing suit does not furnish the same remedy. By statute, if the supposed trustee has no effects, the suit fails altogether. In such case, therefore, it gives no remedy against either the person or property of the debtor. The reason of the rule, that the pendency of a suit will abate another action, for the same cause, and between the same parties, is, that the second suit is unnecessary and oppressive. Such however is not the case, where the first suit is a factorizing or trustee process.

As to the other objection, that S. B. should have joined in the action, it is sufficient to say, that the rule is well settled, that a dormant or secret partner need not join in a suit for *goods sold*, and by parity of reasoning in the action on book. The non-joinder in such case is no cause of abatement, and if not, it certainly cannot be taken advantage of on trial.

Judgment affirmed.