## RICHARDSON *vs.* GURNEY.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Money due to the plaintiff is a proper object of attachment by any of his creditors; even the defendant who owes it, may attach the amount of the judgment and execution, against himself, in a suit against the plaintiff for a sum equal or greater in amount.

Where money owing by the defendant in execution is deposited in the sheriff's hands, and attached by the former in a new suit against the plaintiff, it will not be considered as money made on the execution, but only pledged for the sheriff's indemnification.

This is a case in which the defendant in an execution attached the amount of the debt after he had paid it into the sheriff's hands, in a suit for a larger sum, which he had in the mean time instituted against the plaintiff. *Vide* the facts of the case reported in 8 *Louisiana Reports,* 255.

On the return of the case to the District Court, the plaintiff's counsel took a rule on the sheriff, to show cause why he should not pay over the money collected on the execution against the defendant, to the plaintiff.

The sheriff showed for cause the attachment suit of the defendant in the execution, and the return on it, in which it appears the money paid by him into the hands of the sheriff, in discharge of the execution against him, was by himself attached at his own suit against the plaintiff

The testimony and return of the sheriff shows, that at or about the time the plaintiff's *fi. fa.* came into his hands, the

defendant, Gurney, issued an attachment against the plaintiff and placed it in the sheriff's hands, with orders to levy it on any property of the plaintiff, and particularly on the amount of the judgment in the above suit against the defendant; but the sheriff doubting whether he could omit the execution of the *fiera facias* against the defendant, his attorney deposited in his (the sheriff's) hands the amount of the execution, which the sheriff bound himself to hold until the validity of the said attachment should be decided on.

The district judge, on this evidence, discharged the rule. The plaintiff appealed.

*McHenry*, for the plaintiff.

1. The judge *a quo* erred. The judgment which defendant intended to have *attached* had been satisfied, inasmuch as the amount of the judgment had been received by the sheriff on the *fi. fa.* before the service of the attachment on defendant.

2. The rule taken on the late sheriff, by the appellant, ought not to have been dismissed. The money had been made on a *fi. fa.*, and was in his hands.

3. The record in the case of Gurney *vs.* Richardson ought not to have been admitted in evidence on the trial of said *rule*, the suits being entirely distinct and having no connexion.

*Maybin*, for the defendant.

*Martin, J.*, delivered the opinion of the court.

This case comes before us on a rule requiring the sheriff to pay over to the plaintiff certain moneys, by him collected on an execution, in favor of the plaintiff, against the defendant. The case was before this court last year, when the judgment of the District Court, quashing the execution under which the money was collected, was reversed and set aside. *Vide* 8 *Louisiana Reports*, 255.

When the cause was sent back, the plaintiff resorted to a rule on the sheriff, requiring the money thus collected by him to be paid over to the plaintiff in the execution. The rule was discharged, and the plaintiff has appealed to this court.

The evidence of the case shows, that shortly after the execution issued, the defendant put into the sheriff's hands an attachment against the plaintiff's property, and requested that officer to levy it particularly on the judgment of the plaintiff against him, on which execution issued. The sheriff being in doubt as to the course which it became him to pursue, the defendant deposited in his hands the full amount of the judgment and execution, and directed it to be held subject to his attachment. The sheriff consented to retain the deposit until the validity of the attachment and its effect could be tried and decided on by the court.

We are of opinion, the district court *did not err* in discharging the rule. The money due by the defendant to the plaintiff was a proper object of attachment at the suit of any of his creditors; and although the neglect of the defendant to oppose the claim he now seeks to enforce, by pleading it in compensation and reconvention, in the suit in which judgment was obtained by the plaintiff, might be an objection to relief sought by an injunction, yet nothing prevents a new suit being instituted, in which this money is liable to attachment.

The money in the sheriff's hands was not by him made on the execution, which he was prevented from proceeding on by the attachment. It is still the money of the defendant, pledged to the sheriff for his indemnification.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, discharging the rule, be affirmed, with costs.

---

RICHARDSON
*vs.*
GURNEY.

Money due to the plaintiff, is a proper object of attachment by any of his creditors; even the defendant who owes it, may attach the amount of the judgment and execution, against himself, in a suit against the plaintiff, for a claim equal or greater in amount.

Where money owing by the defendant in execution, is deposited in the sheriff's hands, and attached by the latter in a new suit against the plaintiff, it will not be considered as money made on the execution, but only pledged for the sheriff's indemnification.