### RICHARD HICKS v. ROLLA GLEASON.

The rights of the principal debtor, in a trustee process, for every purpose of making demand of his debtor who is summoned as trustee, or of securing his claim against the trustee by attachment, or otherwise, remain unimpaired by the pendency of the trustee proceedings ;—but they subsist, however, in subordination to any lien created by such proceedings.

Hicks *v.* Gleason.

Where a deputy sheriff, having collected money upon an execution, was summoned as trustee of the execution creditor, it was held, that the pendency of the trustee proceedings did not suspend the right of the execution creditor to demand of the officer the money thus collected, nor his right to commence an action upon the case against the sheriff for a refusal to pay to him the money upon such demand, and that the execution creditor, having commenced such action, might, after the termination of the trustee proceedings, recover in that action the balance remaining in the hands of the officer after satisfying the lien created by the trustee process, without any new demand.

In respect to costs, in such case, the rule laid down in *Winthrop* v. *Carleton,* 8 Mass. 456, recognized.  DAVIS, J.

TRESPASS ON THE CASE against the defendant, as sheriff of the county of Chittenden, for the neglect of his deputy, Harmon Woodruff, to pay to the plaintiff money collected by him upon an execution in the plaintiff's favor, although requested so to do.  Plea, the general issue, and trial by the court, April Term, 1846,—ROYCE, J., presiding.

On trial the plaintiff proved the rendition of the judgment · and the issuing of the execution described in his declaration, and also proved, that he delivered the execution to Harmon Woodruff, who was a deputy of the defendant, to collect and return according to law, that Woodruff collected the amount of the execution during its life, that the plaintiff demanded the money of Woodruff, December 27, 1843, after the execution had expired, and that Woodruff refused to pay the money to the plaintiff.

The defendant then gave in evidence the files and records in three suits against Harmon Woodruff, as trustee of the plaintiff,* by which it appeared, that Woodruff, after he had collected the money upon the execution described in the plaintiff's declaration and before the money was demanded of him by the plaintiff, was summoned as trustee of the plaintiff, that the trustee suits were entered in court, that Woodruff was therein adjudged trustee of the plaintiff on account of the money collected by him upon said execution, and that these trustee suits were pending against Woodruff when this suit was commenced.

Upon this evidence the defendant insisted, that the pendency of

---

*See *Hurlburt* v. *Hicks et al. & Tr.,* 17 Vt. 193; *Bullard* v. *Hicks et al. & Tr.,* 17 Vt. 198.

the trustee suits prevented Woodruff from paying to the plaintiff, at the time when this action was commenced, the money collected upon the execution, and that therefore the plaintiff could not maintain this action. But the court decided, that the pendency of the trustee suits did not constitute a legal bar to the present action, but only furnished a reason for delaying trial and judgment therein, until the trustee suits were ended; and judgment was accordingly rendered in favor of the plaintiff for the balance of money left in the hands of Woodruff after satisfying the judgments rendered against him in the trustee suits. Exceptions by defendant.

There was another suit pending between the same parties, in which the same questions were raised upon the bill of exceptions; and the two cases were argued together in the supreme court.

*Smalley & Beckwith* for defendant.

1. The *gist* of this action is the *wrongful* withholding the money collected on an execution in favor of the plaintiff, after a demand made. To have made the withholding wrongful, the defendant must first have had it in his power and been at liberty to pay the money, and a demand must have been made upon him. At the time the demand was made of the defendant's deputy, he was not at liberty to pay to the plaintiff the money in his hands; the law required him to keep it. There was, then, at that time, no wrongful withholding, and none when this suit was commenced. Rev. St. 75, 239. Story on Bail. 140. *Hutchinson* v. *Parkhurst*, 1 Aik. 258. 2 Greenl. Ev. 534.

2. The defendant ought not to be chargeable with costs in this suit, while the trustee suits were pending.

*H. R. & J. J. Beardsley* for plaintiff.

1. That a right of action had accrued to the plaintiff, at the time this suit was commenced, can admit of but little doubt. The collection of the money upon the execution and refusal to pay it on demand subjected the defendant to a suit.

2. We are unable to find any provision in the trustee act, which, upon a reasonable construction, could have the effect to suspend this right of action until the trustee suits were ended; nor are we aware of any rule of construction, by which the statute, without some direct provision to that effect, can be made to have such an operation.

To give it such operation would be an abridgment of a common law right ; and such a result is not to be effected by a statute, except by some direct provision to that end. The statute should be so construed, as to accomplish the object for which it was enacted, namely, to enable a creditor to attach and secure a credit of his debtor, and not to take away the right of the principal defendant in the trustee process to secure, by suit, his debt, or such part of it as is not absorbed by the trustee process.

We insist, then, that the only effect, which the trustee proceedings could have upon this suit, was merely to suspend the trial, or judgment, or enable the court to suspend them, until after the trustee proceedings were ended ; and that they cannot be pleaded, or insisted upon, in bar of the action. *Winthrop* v. *Carleton*, 8 Mass. 456. *Morton* v. *Webb*, 7 Vt. 123.

The opinion of the court was delivered by

DAVIS, J. The circumstances detailed in the bill of exceptions furnish a good ground of action, confessedly, unless the fact of the pendency of the trustee suits against the defendant's deputy, at the time this suit was commenced, interposes a legal obstacle to a recovery. The defence assumes, that at that time, when the result of the trustee suits could not have been foreseen, the officer was justified in withholding payment to the creditor ;—which is true ;—but it goes farther, and assumes, that, after the termination of those suits, adjudging him a trustee of the plaintiff to the amount of the several claims of the plaintiffs in those suits, but still leaving a balance in his hands, this balance cannot be recovered now, when the obstacle is removed, because the right to a recovery was not complete when the suit was instituted.

If this be so, the pendency of a trustee suit is a bar to a suit in favor of the principal debtor ;—which was directly denied in *Morton* v. *Webb*, 7 Vt. 123 ;—and a temporary bar is tantamount to a perpetual bar, so far as this particular suit is concerned. It is a necessary corollary to this doctrine, that, whatever exigencies may exist, arising from possible loss of the debt by insolvency, by the apprehension of farther trustee suits drawing upon the same fund, or however well convinced that such suit is collusive and fraudulent, or unfounded, the hands of the principal defendant are tied up, and

he can make no movement, until the factorizing suits are ended. There is no ground for such a doctrine in principle, or precedent.

A trustee suit is an anomalous proceeding, which, at the same time that it seeks to obtain, like an ordinary suit, a judgment in behalf of a creditor against his debtor, aims also to substitute the creditor in the place of such debtor, in respect to any sums due to the latter from the persons named in the suit as trustees. If successful, it not only establishes a right to such substitution, but reduces the demand to judgment; so that execution may follow against the trustee for the amount due from him, or for so much of it as may be necessary to satisfy the judgment against the principal defendant. The rights of the latter are of course excluded and extinguished to the same extent, but no farther. Until this is done, the two proceedings, not being parallel, may well exist at the same time. For every purpose of making demand, securing his claim by attachment, or otherwise, the rights of the principal debtor remain unimpaired by the pendency of trustee proceedings. They subsist, however, in subordination to any lien created by such proceedings.

It is true, when money is collected by an officer, he is not subject to a suit in behalf of the creditor, until he shall have failed, upon proper demand, to pay it over. Such demand was made in this case,—although, when it was made, the three trustee suits were pending, and the officer was not obliged to comply with it until their termination. Nor do we hold, that he was bound to anticipate the exact extent, to which the creditors in those suits might succeed in establishing a right to the funds in his hands. This would be impossible. If the right to sue is not suspended by a factorizing suit, so neither is the right to make a demand in another form. See the opinion of PHELPS, J., in *Morton* v. *Webb*, above cited. A previous demand was probably not made before bringing the trustee suits; and none was necessary, as costs are not ordinarily recoverable of trustees; and the bringing of the action may therefore be regarded as a demand.

In respect to costs, I think the rule laid down in 8 Mass. 456 is just and reasonable. Whether it was acted upon by the county court, or not, in the present case, does not appear. Nothing upon the record shows any error on this subject. The judgment of the county court is therefore affirmed.