## Martin C. Spicer *v.* Samuel S. Spicer.

*Judgment, when defendant is summoned as trustee of plaintiff in suit pending.*

When the defendant, in a suit pending, is summoned as trustee of the plaintiff, and is adjudged trustee for the full amount of the plaintiff's claims against him, which judgment remains unsatisfied, judgment should be rendered for the plaintiff in the first suit for the amount of his claim, but the court will order execution stayed, until the plaintiff shall cause the defendant to be released from the trustee suit.

The facts in this case which was tried in the county court for the county of Washington, March Term, 1851,—Poland, J., presiding,—upon a case stated, are sufficiently detailed in the opinion delivered by the court.

*T. P. Redfield* for defendant.

*Dillingham* for plaintiff.

The opinion of the court was delivered by

KELLOGG, J.   It appears, that this suit was commenced before a justice of the peace, and judgment was there rendered in favor of the plaintiff, from which judgment the defendant appealed to the county court, where the appeal was entered at the May Term, 1850. After the rendition of the judgment before the justice, and after the entry of the appeal in the county court, one Henry, a creditor of the plaintiff, brought his suit against the plaintiff and summoned the defendant as his trustee, which suit was made returnable before a justice of the peace, and in which suit, on the nineteenth of November, 1850, judgment was rendered against the defendant, as the trustee of the plaintiff, for the amount of the defendant's indebtedness to the plaintiff, which judgment remains in full force, but has not been paid by the trustee.   After this, at the April Term, 1851, the county court rendered judgment, in the present suit, against the defendant, for the amount of his indebtedness to the plaintiff.   This last judgment the defendant claims is erroneous and he asks for relief.

That the defendant ought not to be compelled to pay both judgments would seem to be very obvious; and yet, if the plaintiff's construction of the law be correct, he certainly would be exposed to executions upon both judgments, which are for the same indebtedness, though the judgments are in favor of different individuals. How is the defendant to be relieved from this embarrassment? The plaintiff assumes, that the defendant could at any time, after he was adjudged trustee, and before the rendition of judgment in this suit, have paid and satisfied the trustee judgment, and then, by the provisions of the statute, he would only have been liable to *nominal* damages in this suit; and that it was the fault of the defendant, that he had not so done.   The statute would seem to afford some countenance to this construction; but still we think, it is not a reasonable construction.   It is a construction, which, if adopted, would be calculated to do the most palpable injustice.   In this case, as the defendant was adjudged trustee for money of the plaintiff in his hands, he could, at the rendition of the judgment, have paid the amount into court in satisfaction of the judgment.   But suppose the defendant had been adjudged trustee by reason of a contract payable in specific articles,—he could only have discharged that judgment,

by delivering the articles to the officer having the execution against the trustee. He must therefore, in such case, await the pleasure of the plaintiff in taking his execution against him.

Again, the defendant, at the time he was adjudged trustee, might not have had the ability to immediately satisfy the judgment;— should he for that cause be subjected to another judgment and execution upon it, in favor of another plaintiff, and for the same identical indebtedness? If so, he would be liable to be pursued at the same time with two executions for the same demand, but in favor of adverse claimants; and we do not see, but he would be liable to pay both. We do not think, the legislature could ever have contemplated, that the statute would work such injustice. But it is said, that after the rendition of this judgment, should the plaintiff in the trustee suit undertake to enforce his judgment against the trustee, the defendant would be entitled to relief upon *audita querela.* Upon what ground could he claim to have the trustee judgment vacated? It is not pretended, but what the judgment was legal. It was rendered by a competent tribunal, having jurisdiction of the subject matter of the suit and of the parties. No appeal was taken from the judgment, but the same remains in full force. The judgment being acquiesced in by the parties, their rights became thereby fixed and settled. The plaintiff in the trustee suit was by law entitled to collect the amount of his judgment against the trustee, and assuming that the proceedings in that suit were legal, we do not see, how he is to be deprived of the right to enforce the collection of his judgment. There is no provision of the law, of which we are aware, that required the plaintiff to make immediate collection of his judgment against the trustee, or that, by neglect so to do, subjects him to a forfeiture of the fruits of his judgment. That the defendant is entitled to relief is to us very obvious. He ought not and cannot be compelled to pay both judgments.

It seems to us, that the proper course for the county court to have pursued, under the circumstances of the case, would have been, to have continued this suit, or to have rendered judgment and ordered stay of execution, until the plaintiff caused the defendant to be discharged from the judgment in the trustee suit. This it was competent for the county court to have done, and we think, that it is compe-

tent for this court to do the same, and that justice requires it should be done, to protect the rights of the parties.

The judgment of the county court is affirmed. And it is ordered, that execution be stayed, until the plaintiff shall cause the defendant to be released and discharged from the trustee suit mentioned in the case stated.