## JONES & DOW *v.* GEORGE WOOD.

*Trustee process. Book account. Liability of the plaintiff in a discontinued suit to the defendant for the non-delivery by the officer of the property attached.*

The pendency of a trustee suit cannot be plead in bar to a subsequent suit, brought by the principal defendant against the trustee for the same cause of action; but the court, in such case, will order a stay of the execution, until the plaintiff shall procure the defendant to be released from said trustee suit.

Where goods have been attached, the suit abandoned, and the goods lost or destroyed in the hands of the officer, the defendant in the suit cannot recover for their value as an item of book charge against the plaintiff in said suit. In such case, if any action can be sustained. it should be one sounding in *tort.*

Neither, if the suit was brought in good faith, would the plaintiff be liable to to the defendant in any form of action for the non-delivery of the goods to the latter by the officer, unless it was in some way owing to the plaintiff's fault.

BOOK ACCOUNT. The defendant plead in bar, that previous to the bringing of this suit, one William Gilman brought his action before a justice of the peace against these plaintiffs as principal defendants, and against this defendant as trustee; that judgment was rendered against the defendants for the sum of sixty-four dollars and eighty-four damages, and the sum of three dollars and fifty-eight cents costs, from which no appeal was taken ; also, that judgment was rendered that this defendant was the trustee of said Jones & Dow for the sum of sixty-two dollars and eighty-four cents, deducting his costs, from which decision the trustee, this defendant, appealed, which said appeal was then pending in court. To this plea the plaintiff demurred. The court adjudged the plea insufficient, and appointed an auditor, to which the defendant excepted.

It further appeared from the special report of the auditor, that, in the fall of 1847, the defendant, by the order of the plaintiffs, who were partners in the mercantile business, purchased for his own use a bill of goods from a house in Boston, which the plaintiffs paid for and charged to the defendant in their account with him. This item was forty-seven dollars and eighty-one cents. In January, 1848, the plaintiffs and the defendant had a settlement and this item was included. The balance then found due to the defendant was two hundred and thirty-two dollars and sixteen cents, but the parties had dealings together for nearly two years after that time, so that the auditor, upon the hearing before him, found due the plaintiffs eighty-five dollars and ten cents, including this charge of forty-seven dollars and eighty-one cents. In regard to this charge it further appeared that, previous to the settlement above mentioned, the plaintiffs took out a writ of attachment against the defendant in the state of Massachusetts, while this bill of goods was on its passage from Boston to Vermont, and the goods were attached by virtue of this process. This suit, however, was abandoned. No service was made upon the defendant, and at the time of the settlement the plaintiffs informed the defendant that they had abandoned the suit, and had directed the attaching officer to give up the goods to the defendant. They then told the defendant also, that he could get them when he pleased. In March, 1848, the defendant called upon the officer for the goods, but he did not deliver them, saying

he had received no directions from the plaintiffs. The defendant never received the goods, and it appeared that they were lost or destroyed at the time the defendant demanded them from the officer. It did not appear that any suit had been brought for for them, either by the plaintiffs or the defendant. It appeared that the defendant had charged the plaintiffs this bill of goods in December, 1848, and claimed before the auditor to be allowed for them. One of the plaintiffs, on several occasions, when the defendant claimed to be allowed this charge, said that they would do what was right about it. It did not appear by whose neglect the goods were lost or destroyed, nor that the plaintiffs had ever given the defendant a written order for said goods, or that the defendant had ever asked for one.

The auditor reported in favor of the plaintiffs for the balance shown by their account, and disallowed the defendant's charge for the goods attached and lost as aforesaid.

The county court rendered judgment on the report, *pro forma*, for the plaintiffs. Exceptions by the defendant.

*S. Fullam*, for the defendant.

——————, for the plaintiffs.

The opinion of the court was delivered by

POLAND, J. The decision of the county court sustaining the demurrer to the defendant's plea in bar, was clearly right.

It was decided by this court, as early as the case of *Morton* v. *Webb*, 7 Vt. 123, that the pendency of a trustee suit would not abate a subsequent suit between the principal parties for the same cause of action, and upon the ground that the trustee suit does not furnish the same remedy.

In *Hicks* v. *Gleason*, 20 Vt. 139, it was held that the rights of the principal debtor in a trustee process, for every purpose of making demand of his debtor, who is summoned as trustee, or of securing his claim against the trustee by attachment, or otherwise, remain unimpaired by the pendency of the trustee proceedings, but in subordination to the trustee process. In that case the trustee was a sheriff's deputy, and had collected a sum of money on

an execution in favor of the principal debtor, and was then summoned as trustee of the principal debtor in three suits. While those were pending, the principal debtor made demand of the money collected on the execution, and, upon the neglect of the deputy to pay it to him, commenced an action against the sheriff. Judgments were finally obtained in the trustee suits, but not for the full amount in the officer's hands, and it was held that the suit against the sheriff was properly brought, and that the plaintiff was entitled to recover the balance in the deputy's hands, after satisfying the trustee judgments, without any new demand.

In the case of *Spicer* v. *Spicer*, 23 Vt. 678, the court went still further. In that case the defendant had been adjudged trustee for the full amount of the plaintiff's claim against him, in a trustee suit in favor of a creditor of the plaintiff, but had not actually paid that judgment, and the plaintiff was also held entitled to judgment against the defendant for the amount of his claim, but the court ordered the execution to be stayed, until the plaintiff should cause the defendant to be released from the trustee suit.

This last case, it is apparent, goes much farther than the present. Here there has been no judgment against the defendant in the suit against him as trustee; the suit is only pending against him.

It will be seen upon slight reflection, that to hold that the mere pendency of a trustee suit could be made to abate a subsequent suit by the principal debtor, and, much more, to hold that it could be pleaded in bar, would often work the greatest injustice.

The debt of the plaintiff in the trustee suits might be very small, or it might be a disputed claim, which the principal debtor desired to litigate; the debt due from the trustee might be very large; there might be great danger of its being lost by insolvency or removal from the country; the trustee suit might be collusive, and if such effect were given to it, there would doubtless be many of that character; and many other mischiefs might properly be apprehended, if such a doctrine should obtain. It seems absolutely necessary, therefore, to hold that the principal debtor may sue, notwithstanding the pendency of the trustee suit, but the courts will be careful to see that the trustee is not subjected to any danger of being compelled to pay his debt twice.

Jones & Dow v. Wood.

It being conceded in this case that the trustee suit is still pending against the defendant, we think there should be the same order in relation to stay of execution, as was made in the above named case of *Spicer* v. *Spicer*.

The bill of goods for which the defendant claimed to be allowed before the auditor was properly disallowed.

The plaintiffs brought a suit against the defendant, and these goods were attached by the officer, but the suit was abandoned, and upon a settlement soon after, between the plaintiffs and the defendant, it was found that the plaintiffs were indebted to the defendant. It appears, however, that the dealings between the parties, were large, and nothing is shown upon the report, but that the suit was brought in good faith, with an honest belief that the defendant was indebted to the plaintiffs, and that they were entitled to recover a judgment against him.

The plaintiffs were not entitled to have, and did not have the custody or possession of the goods attached; they were in the custody of the law, and when the suit was ended, it was the duty of the officer to restore them to the defendant. The plaintiffs would not be responsible to the defendant for the non-delivery of the goods by the officer, unless they were some way in fault for his not doing so. It appears that the parties looked over and adjusted their accounts, January 1, 1848, and that the plaintiffs then informed the defendant that their suit was abandoned, and told the defendant that they had directed the officer to deliver the goods attached to him. The defendant appears to have acquiesced in this arrangement, and it seems that the settlement between the parties was amicable, and the parties continued their dealings as before. The defendant did not call upon the officer for the goods until March afterwards, and the officer then gave as an excuse to the defendant for not delivering the goods, that he had received no directions from the plaintiffs to do so. The auditor reports, however, that the goods had in fact been lost or destroyed before that time, but that it did not appear how, or whether it was by the fault of the officer or not. We think upon this report of the facts, enough is not shown to enable us to say that the defendant had any legal claim against the plaintiffs, growing out of this attachment of these goods, either for bringing a groundless and malicious suit, or

for not causing the goods to be returned to him after the suit was discontinued. It would seem to be more probable that the loss of the goods was occasioned by the neglect of the defendant to call for them at an earlier day, but that is not certain.

But whether the defendant could have sustained any legal claim against the plaintiffs or not, it is clear that his claim, if he had one, was a claim not founded on or growing out of any contract between the parties, and that if any action could have been sustained, it must have been one sounding in tort, and that he could not charge the goods in account to the plaintiffs. Nor was the general statement of one of the plaintiffs to the defendant afterwards, that they would do what was right in that respect, sufficient to change an existing claim in tort into a legal item of book charge, and much less to create a legal right where none existed before. The judgment of the county court is *affirmed.* But the execution is ordered to be stayed, until the plaintiffs shall procure the defendant to be released from said trustee suit.