HENRY W. WINTER, *Plaintiff in Error*, vs. JOHN KRICHBAUM, *Defendant in Error.*

A. sues B. in the Circuit Court, and also sues out garnishee process therein, and garnishees C. Subsequently thereto, but prior to the hearing of the garnishee suit, C. sues A. in Justice's Court, and declares against him in assumpsit. A. pleads the "general issue," and gives notice of set-off. C. proves his claim and A. proves his set-off to a larger amount, and claims judgement for the balance. C. thereupon gives in evidence the pendency of the garnishee suit against him as a bar to A's claim, and insists no judgement should be rendered against him for the excess. The Justice gave judgement in favor of A. for the balance of his set-off. C. thereupon sues out a writ of *certiorari* to remove the cause to the Circuit Court.

HENRY W. WINTER *v.* JOHN KRICHBAUM.

*Held,* that there was no error, and that the judgment should be affirmed.

*Branch Circuit Court, February,* 1870.

*Certiorari* to Justice Court.

On the 18th of July, 1868, Winter was garnisheed in the Circuit Court for the county of Branch, in the suit of one Joshua Tracy *vs.* Krichbaum and others.

He was summoned as garnishee of Krichbaum by summons returnable August 14th, 1868.

July 27th, 1868, Winter sues Krichbaum in Justice's Court, and declares in an action of assumpsit, to which Krichbaum pleads the general issue and gives notice of set-off. August 12th, 1868, parties proceeded to trial before the justice. Winter makes proof of his claim, and Krichbaum proves his set-off. Winter thereupon gives, in evidence, the said garnishee proceedings pending against him in the Circuit Court, and insisted before the justice, that Krichbaum cannot avail himself of his set-off against him, pending the garnishee proceedings, and, at all events, that Krichbaum can get no judgment against him for the balance of his set-off. The justice, nevertheless, allowed the set-off to the full amount proved, being greater than Winter's claim proved against him in the suit, and rendered judgment against Winter for the balance of set-off found due Krichbaum, being $26 80, together with costs of suit.

Winter thereupon brings *certiorari*, assigning error in the rulings and decisions of the justice as above set forth. It did not appear what further action, if any, had ever been taken in the Circuit Court in said garnishee proceedings.

*Shipman & Loveridge* attorneys for Plaintiff in Error.

*Parsons and Pratt* attorneys for Defendant in Error.

*By the Court,* UPSON, J.—The plaintiff in this suit, having brought suit himself in justice's Court against the defendant while the garnishee proceedings were pending against him, he cannot now complain of the defendant because he is in Court. If the pendency of the garnishee proceedings would have been a bar to a suit brought by the original defendant against the garnishee, it would have, also, been a bar to any action brough

HENRY W. WINTER *v.* JOHN KRICHBAUM.

by the garnishee against the original defendant; but we do not consider that, on the facts in this case, it was an absolute bar to a suit, by either of such parties, although, in a proper case, and on a proper showing, it might be a cause for a continuance, or for staying proceedings, and; perhaps, in a justice's Court might, in some cases, be a good ground for a plea in abatement, in order to protect the rights of the garnishee. The only proof in the Court below was the service of the garnishee summons, returnable at a future day, and the garnishee himself had brought the suit which was on trial. The set-off could only be allowed for the full amount proved. The writ of *certiorari* has removed the judgment and proceedings, therein, into this Court, so that if any judgment has been, or is likely to be, rendered in the garnishee proceedings in this Court, it has the power, on a proper showing, to protect the rights of the garnishee, by staying proceedings for collection of the judgment in this suit.

In the Court below, no application for a continuance appears to have been made by the plaintiff, in order to await the result of the garnishee proceedings, nor did he see fit (as he might have done) to discontinue his suit, and, for aught that appears, the whole garnishee proceedings may have been abandoned. It has been well said in *Smith vs. Blatchford*, 2 *Ind.*, 184, that the defendant's interest may seriously suffer by postponing the securing of the gasnishee's debt to him, until his litigation with the plaintiff is terminated. The garnishee may be in doubtful circumstances, making legal proceedings against him necessary for securing the demand; or, he may be about to remove, or abscond, out of the jurisdiction of the Court, or to dispose of his property in fraud of his creditors, justifying an attachment against himself; and yet, if he may plead the attachment in abatement of a suit by the defendant against him, his debt to the defendant may be entirely lost. The garnishee can he in nowise injured by the double proceedings against him; tor no Court, upon being duly informed in a proper manner of the fact of the two proceedings, would hesitate to take such measures as would effectually secure the garnishee against double liability. This might be easily done by suffering judgement to be rendered against him in the suit, if that were in a condition for judgment

before garnishment, and the money to be collected and held subject to the attachment. 9 *Alabama*, 887 ; 7 *do.*, 157 ; 20 *Vt.*, 139 ; 8 *Mass.*, 456. *Drake on Attachments*, § 701, and cases there cited ; also § 699, and cases there cited, showing when garnishment may be pleaded in abatement of susequent suit brought by the original debtor in the garnishee proceedings against the garnishee.

The judgement of the Court below must be affirmed with costs.