ALEXANDER McDONALD v. THOMAS CARNEY.

PRACTICE—*Pleading—Demurrer.* In an action brought by M. against C., the defendant answered that after suit brought and before answer, he had been garnisheed in an action in the same court wherein one K., as receiver, etc., was plaintiff, and the plaintiff and others were defendants, K. being a receiver in an action wherein said C. was plaintiff, and one S. was defendant. M. demurred to said answer on the ground that it did not state facts sufficient to constitute a defense: *Held,* That said answer set up facts sufficient to constitute a defense for the time being, and that the action of the court in overruling the demurrer was not erroneous.

*Error from Leavenworth District Court.*

McDONALD brought his action in the district court to recover judgment for fifteen hundred dollars for that much money had and received to and for the use and benefit of plaintiff. Defendant filed his answer, and as a second ground of defense alleged " that John McKee, as receiver, in an action then pending in said court between Thomas Carney, plaintiff, and Thomas C. Stevens, defendant, brought his action as such receiver for Carney and Stevens against John T. McWhirt & Co., on the 22d day of October, 1868; that the plaintiff, Alexander McDonald, was a member of the firm of J. T. McWhirt & Co.; that said McWhirt & Co. were indebted to said John McKee, as receiver of Carney and Stevens, in the sum of $1,073.80 with interest; that McKee, as receiver of Carney and Stevens, had procured an attachment to be issued in said action against McDonald on the ground of non-residence, and a writ of garnishment issued against and served upon said Carney; and that by reason thereof said Thomas Carney was liable to pay to McKee, as receiver as aforesaid, any money due from him to said Alexander McDonald." To this defense plaintiff demurred, holding that the facts therein stated constituted no defense to the cause of action set forth in the petition. Upon argument the demurrer was overruled, to reverse which ruling the case is brought to this court.

*F. P. Fitzwilliam* and *Thomas P. Fenlon*, for plaintiff in error:

1. The defense to which the demurrer was filed is not a set-off or counter-claim, nor is it new matter, either legal or equitable, constituting a defense to the cause of action set forth in the petition. Gen. Stat., 648, §§ 94, 95, 98. The fact that the debt owing by defendant to plaintiff has been attached is no reason why the plaintiff should not have his judgment.

The defendant substantially admits that the plaintiff's claim is correct, but alleges that since the plaintiff has commenced his action, McKee, as receiver, has attached the debt in his hands. This may be a reason, when properly presented to the court, why the cause should be continued to abide the decision of the attachment proceedings, or why, after judgment, execution should be stayed, or why judgment should be satisfied after payment of money in the attachment case; but it *is no defense* to the cause of action itself. The pendency of an attachment is no cause to abate the writ; for, *non constat* that judgment will ever be rendered in the attachment suit. 8 Mass., 456; 7 Vt., 123; 10 Martin, 609.

" There are many reasons why an attachment pending should not be pleaded in abatement. The entertainment of such pleas would lead to the most delicate and embarrassing questions of jurisdiction, and in the conflict, an error committed by either court would lead to the injury of one of the parties litigant. Either the garnishee might be compelled to pay the debt twice or the creditor might be injuriously affected." 9 Ala., 887; 7 Ala., 157.

2. It has long been the settled doctrine in England and this country, when there is no express statute authorizing it, that a debt in suit cannot be attached. 16 Eng. C. L., 78, 79; 5 Taunt., 558; 4 Dumf. & E., 312; 3 Wilson, 297, 304; 5 Johns, 101; 1 Salkeld, 280, 291; *Wallace v. McConnell*, 13 Peters, 151.

3. Carney is really one of the plaintiffs in the case of McKee v. McWhirt & Co., McKee being the receiver for Carney and

Stevens. Now, can McKee, in behalf of Carney, do that which Carney could not do himself? Carney could not sue McDonald and garnishee himself. Can McKee, who acts for and in behalf of Carney, do so? Collier on Part., § 642; 6 Pick., 320; 28 Me., 389. That is, can Carney, plaintiff, make himself garnishee? We submit this cannot be done. In 13 Met., 473, the court held that a plaintiff cannot summon himself, nor can several plaintiffs summon one of their own number, as a garnishee in the process of attachment.

*Hurd & Stillings,* for defendant in error:

1. The receiver represents each and all of the parties to the suit, in which he was appointed, and all creditors interested in the same. 2 Story's Equity, § 829. He is authorized to sue·in his own name. Civil Code, § 265.

2. The proceedings being in the same court, the plea is good. Drake on Attach., § 702; *Hitt v.Lacy,* 3 Ala., 104; 13 Peters, 136. The plaintiff has his remedy by giving bond under the statute and discharging the attachment.

3. The receiver, under our law, could sue the parties themselves if a case should arise in which he could not have his remedy without. This proceeding can clearly be sustained by the reason of the rule in such cases. Drake on Attach., § 543.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced in the court below by the plaintiff in error, *Alexander McDonald,* against the defendant in error, *Thomas Carney,* on the 9th of October, 1868. Afterwards, on the 22d of. the same month, said Carney was served with a notice of garnishment in the same court in an action wherein John McKee, receiver, etc., was plaintiff, and said McDonald and others, composing the firm of J. T. McWhirt & ·Co., were defendants. Said McKee was receiver in an action wherein said Carney was plaintiff and Thomas C. Stevens was defendant. Afterwards, on the 9th of November, 1868, said Carney answered in this action, and in the second

count of his answer set up the fact that he had been garnisheed as aforesaid as a defense to the action. McDonald demurred to said second count of Carney's answer, claiming that it did not state facts sufficient to constitute a defense to his action. The court below overruled said demurrer, and this ruling is assigned for error.

That a plea such as is contained in the second count of Carney's answer is a good defense for the time being to the plaintiff's action, we have no doubt. But upon the overruling of the demurrer what judgment or order the court should have made, is not so clear. In New York it has been decided that such a plea is a good plea in abatement of the action; (*Embree v. Hanna*, 5 Johns., 101; see also *Brock v. Smith*, 1 Salkeld, 280, and Com. Dig. *Attachment, H.;*) but in other states it has been held that it can only be good for the purpose of abating or suspending or staying further proceedings in the action until the proceedings in garnishment shall be finally determined: *Crawford v. Clute* 7 Ala., 157; *Crawford v. Stade*, 9 Ala., 887; *Winthrop v. Carleton*, 8 Mass., 456; *Merton v. Webb*, 7 Vt., 123; *Wadleigh v. Pillsbury*, 4 N. H., 373. This latter rule we should judge is probably the correct one; but as no judgment or order was made in this case in the court below, except the mere order overruling the demurrer, and as neither party asked for any other judgment or order, we think it is not necessary for us to decide the question now. We now simply decide that the demurrer was properly overruled. We do not think that because this action was commenced against Carney before he was garnisheed in the case of McKee v. McDonald, *et al.*, that such fact invalidates or renders void the garnishment: (Drake on Attachment, §§ 616 to 621, and cases there cited; also § 702, and cases cited.) Neither do we think that because McKee was a receiver in an action in which Carney was a party the garnishment was void. A receiver represents all the parties, plaintiff, defendant, and creditors, (2 Story Eq., § 829,) and he may take possession of and control over all the property and other matters connected with the receivership, and sue and be sued with reference thereto in his own name.

(Comp. Laws, 1862, p. 167, § 265; Gen. Stat., p. 678, § 257.) In a proper case, McKee, as receiver, could undoubtedly, under the direction of the court, sue Carney himself, or Stevens, or any other person who should interfere with his rights as receiver. Therefore, as McKee is not merely the representative of Carney, or of Carney's interests, we can see no good reason why he could not garnishee Carney. In Louisiana it has been held that a plaintiff may garnishee himself; (*Grayson v. Tucke*, 2 Martin, 688; *Richardson v. Gurney*, 9 La., 285;) but in Massachusetts the supreme court has strongly intimated the other way, though they do not decide the question. (*Belknap v. Gibbons*, 13 Metc., 471, 473.)

If the firm of McWhirt & Co., of which McDonald was a member, were liable in the action brought against them by McKee, then they were all jointly and severally liable under our statute, and the property of each and all was liable for the judgment that might be rendered against them; and therefore McKee undoubtedly had the right to garnishee any creditor of any member of the firm, (Drake on Attachments, § 566, and cases cited,) and hence there can be no doubt of his right to garnishee Carney.

Under our code, we think that the statement of the facts in the second count of the answer when attacked by a general demurrer was clearly sufficient. The order of the court below overruling the demurrer is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., did not sit in the case.