SARAH E. WALKER, as executrix and individually,

*v.*

CHARLES E. WALKER et al.

1. A non-resident testator gave to his wife and son the joint income and use of all his estate for their natural lives, with remainder to his lawful heirs, and also directed that no portion of his estate should be sold unless necessary for

Walker v. Walker.

the maintenance of his son, and then only so much as might be required for his maintenance. His widow, who was his executrix, filed a bill, as executrix and individually, against the son and the testator's brothers and herself as guardian (appointed in Massachusetts) of the former, who is feeble-minded, for a decree directing her to sell testator's lands in this state, on an allegation that the proceeds of the sale of such lands were needed for the son's maintenance.—*Held*, that the suit should have been brought in the name of the son.

2. On dismissal of the bill no costs were awarded; none to testator's brother, who answered, because he ought to have demurred; nor any to the son (for whom a formal answer was put in by his guardian *ad litem*), because the suit is presumed to have been brought on his behalf.

---

Bill for relief. On final hearing on pleadings and proofs. Submitted on briefs.

*Mr. R. F. Stevens, Jr.*, for complainant.

*Mr. R. B. Seymour*, for answering defendant, Gerry Walker.

THE CHANCELLOR.

The bill is filed by Sarah E. Walker, of Massachusetts, individually and as executrix of Joseph E. Walker, deceased,

---

NOTE.—An administrator cannot bring suit against himself to recover a debt due to him from his intestate, *Perkins* v. *Perkins*, *11 R. I. 270.*

Two executors cannot confess a judgment to a partnership of which one of them is a member, *Pearson* v. *Nesbit, 1 Dev. 315.*

A complainant cannot, in his individual capacity, sue himself as executor, *Black* v. *Shreve, 3 Hal. Ch. 457.*

Executors may, in equity, sue a co-executor for a debt due from him to the estate, *Ransom* v. *Geer, 3 Stew. Eq. 249;* see *Martin* v. *Martin, 13 Mo. 36.*

An executor cannot sue, at law, on a promise made jointly by himself and the defendant, *Moffatt* v. *Van Mullengen, 2 Chit. 539; ————— v. Adams, Younge 117.*

An assignee in bankruptcy of B cannot sue himself and a surety on an injunction-bond given by them to B before B's bankruptcy, *McElhanon* v. *McElhanon, 63 Ill. 457.*

An administrator of a depositor suing a savings bank for the benefit of the donee of the intestate, cannot be also defendant, *Pierce* v. *Boston Sav. Bank, 125 Mass. 593.*

An administrator cannot sue on a bond given by his co-administrator to the intestate, by assigning it to a third party and having him re-assign it to the plaintiff in his individual name, *Simon* v. *Albright, 12 S. & R. 429.*

her ,late husband, to obtain direction to sell, as executrix, part of
the land in this state of which the testator died seized.   By the
will, the testator, after directing payment of his debts and funeral
expenses, devised and bequeathed as follows :

"I give, devise and bequeath to my wife, Sarah E. Walker, and to Charles
E. Walker, my son, the use, income and improvement of all my estate, both
real and personal, during their natural lives, and at their decease I give,
devise and bequeath all that may remain to my lawful heirs, and I direct
that no portion of my estate shall be sold unless it may be for the maintenance
of my son, Charles E. Walker, and then only so much as may be required for
his maintenance; that my wife and son may hold and enjoy said property
jointly."

He gave no express power of sale.   Under the will, a power
of sale, however, is implied, if sale should be required for the
maintenance of his son.   The defendants to the bill are the tes-
tator's son and the testator's two brothers (the brothers are his heirs,
if his son be excluded), and the testator's widow, the complainant,
as guardian of the son, who has been declared to be of unsound
mind by a court of probate in Massachusetts, where he lives, and
of whose person and estate the complainant has been appointed
guardian by the same court.   One of the testator's brothers has-

---

A cannot sue B and join himself as a defendant as trustee of C, *Hoag* v.
*Hoag, 55 N. H. 172.*

One or several members of a copartnership cannot sue the other members
at law, *Mainwaring* v. *Newman, 2 B. & P. 120 ; Fitzgerald* v. *Boehm, 6 Moore
332.*

One member of an unincorporated association cannot sue another to recover
funds in which both parties are equally interested, *Warner* v. *Stearns, 19 Pick.
73 ; Teague* v. *Hubbard, 8 B. & C. 345.*

Partition cannot be granted where the petitioner is seized of one moiety in-
his own right, and, together with the respondents as joint trustees, of the
other moiety in trust for another party, *Winthrop* v. *Minot, 9 Cush. 405.*

Several plaintiffs cannot garnishee one of themselves in attachment, *Belknap*
v. *Gibbens, 13 Metc. 471; Columbus Ins. Co.* v. *Eaton, 35 Me. 391; Blaisdell* v.
*Ladd, 14 N. H. 129;* but see *Richardson* v. *Gurney, 9 La. 285 ; McDonald*
v. *Carney, 8 Kan. 24.*

Where two companies are composed in part of the same individuals, no-
action at law can be maintained by one against the other, *Portland Bank* v.
*Gershom, 11 Me. 196.*—REP.

answered, and the usual formal answer has been put in for the son
by his guardian *ad litem* appointed in this suit. He has no guar-
dian of his person or estate appointed in this state. It appears by
the bill, and the proof sustains its allegations, that the testator's
estate consisted of a small amount of personal property in Mas-
sachusetts, and some real estate of considerable value there, and
some real estate in Hudson county in this state; that the testa-
tor's interest in the real estate in Massachusetts has been sold
under the foreclosure of mortgages thereon, and that it did not
bring the amount of the encumbrances. It also appears that it
is necessary to sell the land here to provide for the maintenance
of the son. But the will does not confer on the complainant,
either as executrix or individually, the power of sale. The ap-
pointment of a person as executor of a will which directs the
sale of land, does not of itself confer on him the power of sale,
though if he is directed by the will or bound by law to see to
the application of the proceeds of the sale, or if the proceeds, in
the disposition of them, are mixed up and blended with the per-
sonalty, which it is his duty to dispose of and pay over, then a
power of sale is conferred on him by implication. *1 Sugd. on
Pow. 139; Lippincott* v. *Lippincott, 4 C. E. Gr. 121.* In *Geroe*
v. *Winter, 1 Hal. Ch. 655,* it was held that under a devise of
land to three children in fee to be divided or sold, as two out of
the three could agree, the executors had no power of sale.
Here the complainant, as executrix, has no express power of
sale, and she is not charged with the application of the proceeds
of the sale, and would have no control over the disposition of
them. The devise is to her and the son for life, with remainder,
as to so much of the estate as may remain at their death, to the
lawful heirs of the testator. Individually she has no power; for
none is conferred on her expressly, and none arises by any impli-
cation. 'Nor is even the existence of a necessity for making a
sale left to her judgment. · The terms of the devise prohibit a
sale unless it should be necessary for the son's support, and in
that case confines the exercise of the power to the sale of only
so much of the property as it may be necessary to sell for that
purpose. This court can judge whether the necessity in fact

exists, and can authorize a sale.  And here it may be remarked that while it appears that all the testator's real estate in Massachusetts has been sold under foreclosure, and nothing realized therefrom for his estate, the testimony on the subject.gives rise to a serious suspicion that the foreclosure proceedings were in fact amicable and conducted, in the interest of the complainant herself, for the purpose of cutting off the remainder and placing the title within her own reach, so that she may obtain it in fee by paying the encumbrances.  Apart from that, however, it is enough to say that this suit is not properly brought.  Mrs. Walker has no claim, either as executrix or individually, to the relief which she seeks.  The suit is brought against her son and (incongruously enough) against herself too as his guardian. Under a suit properly instituted this court could protect his rights and those of all other parties in interest in the proceeds of the sale.  The bill will be dismissed.  But no costs will be allowed to the answering defendant, Gerry Walker.  He ought to have demurred to the bill.  *Dawes* v. *Taylor, 8 Stew. Eq. 40.*  None will be awarded to Charles E. Walker, for the suit is presumed to have been brought on his account.