NEW-YORK, Nov. 1809.

EMBREE and COLLINS v. HANNA.

Judgment for the plaintiff.

————◆❁❀————

## EMBREE and COLLINS *against* HANNA.

AT the last *June* sittings, in *New-York*, a verdict was taken in this case, for the plaintiffs, for 250 dollars, and 38 cents, subject to the opinion of the court, on a case, containing the following facts :

The defendant, a *resident* in *Baltimore*, was indebted to the plaintiffs, as partners, on book account, in the above sum. Previous to the commencement of this suit, the plaintiffs dissolved partnership ; and *Collins*, for a valuable consideration, assigned to *Embree* all his interest in the partnership property, including the above debt. Subsequent to the assignment, Messrs. *Bach* and *Puffer*, to secure a large debt due to them from *Embree* alone, attached the said debt due from the defendant, in his hands, in *Maryland*, in pursuance of the laws of that state. By the laws of that state, a non-resident creditor may attach the goods and credits of a non-resident debtor. Sub-

*A.* a resident in *Maryland*, was indebted to *B.* and *C.* co-partners in trade, on a book account. *B.* and *C.* dissolved their partnership, and *C.* for a valuable consideration, assigned all his interest in the partnership property, including the debt of *A.* to *B.* Afterwards *D.* a creditor of *B.* attached the debt due from *A.* in his hands, pursuant to the laws of *Maryland*, which permit a non-resident creditor to attach the goods and credits of a non-resident debtor. After the attachment was laid in *Maryland*, a suit was brought in this court by *B.* and *C.* against *A.* for the same debt; it was held that the attachment pending in *Maryland*, at the suit of *D.* was pleadable in abatement to the suit here.

sequent to the attachment being laid, the defendant was arrested by the plaintiffs in *New-York*, for the same debt.

The defendant pleaded the attachment which is still pending, and the above facts. It was agreed that if this was a good plea, on *the above facts*, either in abatement, or bar, the plaintiffs were to be nonsuited, otherwise, a judgment was to be entered on the verdict.

The case was submitted to the court, without argument.

KENT, Ch. J. delivered the opinion of the court. If the attachment had been conducted to a conclusion, and the money recovered of the present defendant, I think it could not have been made a question, whether that payment wuld not be a bar to the present suit. Nothing can be more clearly just, than that a person who has been compelled, by a competent jurisdiction, to pay a debt once, should not be compelled to pay it over again. It has accordingly been a settled and acknowledged principle, in the *English* courts, that where a debt has been recovered of the debtor, under this process of foreign attachment, in any *English* colony, or in these *United States*, the recovery is a protection, in *England*, to the *garnishee* against his original creditor, and he may plead it in bar. (*Chevalier, assignee of Dormer*, v. *Lynch*, *Doug.* 170. *Cleve* v. *Mills*, *Cooke's B. L.* 243. *Allen* v. *Dundas*, 3 *Term Rep.* 125. and see also a recognition of the principle in 4 *Term Rep.* 187. 1 *H. Bl.* 669. 671. 683. 2 *H. Bl.* 408. 410.) It may seem to be equally just that a creditor should not be affected by a proceeding in a foreign court, of which he had no notice ; and it is on this ground, that Lord Ch. J. *De Grey* held that a recovery, by foreign attachment, under the custom of *London*, was of no avail, as a protection to the garnishee, if notice of the proceeding had not been given to the creditor. (*Fisher* v. *Lane*,

3 *Wils.* 297.) This last decision is not easily reconcilable with the others; and here are conflicting claims which have each a strong foundation in justice. The creditor ought not to lose his debt when he has had no opportunity to defend himself; and the debtor ought not to pay a second time, a debt which he has been obliged to pay once, under the process of a competent court : but the case of the creditor would not be so hopeless as that of the debtor, for he might probably resort to the person who sued out the attachment, and call upon him to make good his demand, or to refund the money, which the law might well presume he had received for the use of the creditor of the garnishee. This was the principle of the decision in *Philips* v. *Hunter.* (2 *H. Bl.* 402.) Admitting the cases to stand equal in equity, (and the claim of the debtor to protection who has been obliged to pay once, must be admitted to be at least equal in equity,) the interest of the defendant ought to be preferred. If then the defendant would have been protected under a recovery had by virtue of the attachment, and could have pleaded such recovery in bar, the same principle will support a plea in abatement of an attachment pending, and commenced prior to the present suit. The attachment of the debt in the hands of the defendant, fixed it there, in favour of the attaching creditors ; the defendant could not afterwards lawfully pay it over to the plaintiff. The attaching creditors acquired a *lien* upon the debt, binding upon the defendant; and which the courts of all other governments, if they recognise such proceedings at all, cannot fail to regard. *Qui prior est tempore potior est jure.* In *Brook* v. *Smith*, (1 *Salk.* 280.) Lord *Holt* held that a foreign attachment, before writ purchased in the suit, was pleadable in abatement. If we were to disallow a plea in abatement of the pending attachment, the defendant would be left without protection, and be obliged to pay the money twice; for we may reasonably

presume, that if the priority of the attachment in *Mary-land* be ascertained, the courts in that state would not suffer that proceeding to be defeated, by the subsequent act of the defendant going abroad, and subjecting himself to a suit and recovery here. The present case affords a fair opportunity for the settlement and application of a general rule on the subject. It is admitted by the case, that the plaintiff, *Embree*, is now the real owner of the whole debt due from the defendant; that he owes a large debt to the attaching creditors; and that the defendant is a resident in *Maryland*. There is then no ground to presume any collusion between the defendant and the creditors who attached; and there is no pretence that the plaintiff was not timely notified of the pendency of the attachment, or that the attachment is not founded on a *bona fide* debt, equal at least in amount to the one due from the defendant. If the force and effect of a foreign attachment is, then, in any case to be admitted, as a just defence, it would be difficult to find a sufficient reason for overruling a plea in abatement in the present case.

We are, accordingly, of opinion, that the attachment was pleadable in abatement; and that agreeably to the stipulation in the case, the plaintiffs must be nonsuited.

Judgment of nonsuit.