CRAWFORD v. CLUTE & MEAD.

7   157
96   382

1. A pending attachment may be pleaded in abatement by the garnishee, when sued for the same debt, by the original creditor.
2. The plea must contain averments of all the facts necessary to give the Court in which the attachment is pending jurisdiction, and must show whether the whole or what portion of the debt has been attached.   A plea in abatement, therefore, setting forth that garnishee process had issued upon a judgment, which did not aver the amount recovered by such judgment, or that the affidavit which the statute requires had been made, is bad on general demurrer.
3. It would be the duty of the Court in which such suit is brought, upon being certified of a pending attachment for the same debt, to stay the proceedings until the attachment suit is determined ; and after judgment, if no plea had been interposed, or an ineffectual effort had been made to plead the fact in abatement, to stay the execution until the attachment was determined, upon a satisfactory indemnity being executed by the garnishee.

Error to the Circuit Court of Mobile.

ASSUMPSIT by the defendants in error, as indorsees of a promissory note, made by the plaintiff in error, to one D. Jones.

To a declaration in the usual form, the defendants pleaded as follows :

The said William Crawford comes in proper person, and defends the wrong and injury, &c., and for plea saith—that on the 29th day of July, in the year 1839, a writ of garnishment issued from the Circuit Court of the United States, in and for the Ninth Judicial Circuit, at the instance, and in the name of Waldron, Thomas & Co., commanding the said William Crawford to appear at the next term of the said Court, to be holden in the City of Mobile, and answer, on oath, what he was at that time indebted to one David Jones and William J. Aubry, lately trading under the firm of D. Jones & Co.   That the said note described in the said indorsement on the writ of the said plaintiff, was given by the said William Crawford to the said David Jones—that the said David Jones from whom the said plaintiffs derive their title to the said note, is the same identical David Jones, against whom the said Waldron, Thomas & Co. obtained judgment in the said Circuit Court of the United

States, and that upon the judgment the writ of garnishment issued to said defendant. That the said writ of garnishment issued to said defendant, and was served on said defendant before the return day thereof, and was duly returned to said Court, and that the debt due from the said defendant on the said note was then and there placed in the custody of the law— and that the said garnishment and attachment are still pending and undetermined in the said Circuit Court of the United States. All of which he is ready to verify—wherefore he prays judgment of the writ, and that the same may be quashed. Appended to the plea is an affidavit of its truth.

To this plea the plaintiff demurred, and the Court sustained the demurrer; and thereupon the defendant pleaded the general issue, and verdict and judgment for the plaintiff, from which this writ is prosecuted.

The defendant now assigns for error, the judgment of the Court on the demurrer to the plea.

The plaintiff in error filed a written argument, insisting that the plea in abatement was sufficient to oust the jurisdiction of the State Court until the garnishment in the United States Court was decided. He cited 13 Peters, 151; 1 Wheat. 216; 12 Peters, 102; 5 Johnson, 100; 9 Id. 221.

LESSESNE, contra. He insisted that the plea was bad, but if not, the question had in effect been determined by this Court in the case of Cook v. Field, 3 Ala. Rep. 53.

ORMOND, J.—We think it perfectly clear, both upon principle and authority, that the matter of this plea is good in abatement. The attaching creditor by the service of the garnishment has acquired a *lien* on the debt in the hands of the defendant, and we must presume that the Circuit Court of the United States having acquired jurisdiction over the subject, will enforce the prior right, which the plaintiff in the attachment has acquired by the levy of the garnishment, even if this Court should disregard it. As it is not certain that the plaintiff in attachment will be able to enforce his *lien*, the pendency of the attachment does not bar the prosecution of a suit by the original creditor against the garnishee, but merely suspends his right of action until the attachment is determined.

In Embree v. Collins, 5 Johns. 101, the defendant to an action by the original creditor in New York, pleaded in abatement an attachment pending for the same debt in Maryland, and the Court held the plea good. The same doctrine was affirmed in 9th Johns. 221; and in Brook v. Smith, 1 Salkeld, 280. See also Com. Dig. Attachment H, 719.

The case of Cook v. Field, 3 Ala. R. 53, is relied on by the plaintiff's counsel as decisive of this case against the plea. The point there decided is that an unsatisfied judgment against a garnishee cannot be pleaded in bar of a suit afterwards brought by the original creditor, and the argument is, that if a judgment will not operate as a bar *a fortiori*, a suit which is only proceeding to judgment, will not suspend the creditor's right to proceed for the recovery of his debt. The principle of that decision is, that an unsatisfied judgment against the garnishee is no bar because it may never be enforced—the attaching creditor having the right under our attachment law to enforce the collection of his debt either against the garnishee or the original debtor; the unexecuted judgment therefore is no bar. But the garnishee before judgment obtained against him has not the right to discharge himself, by paying the debt on which he is garnisheed; and as the garnishment is a *lien* upon the debt he owes the original creditor, which when reduced to judgment will be conclusive against him, if he cannot be protected by pleading the suit pending, he will have to pay the debt twice, without any fault of his, a result which could not be tolerated.

Although it is a clear right in the garnishee to plead in bar an executed judgment against him, or in abatement, a garnishment pending for the same debt, when sued by the original creditor, great strictness has always been required in the plea, and for most obvious reasons. The rights of the creditor ought not to be impaired, unless it is clearly shown that his debtor, the garnishee has been legally compelled to pay the debt to another. For these reasons, it is held to be necessary that the plea should show the proceedings at large, that it may be seen that the right to attach the debt existed, and that the custom, or attachment law has been strictly pursued. See the authorities to this effect collected in 1st Com. Dig. Attachments, I, 727. In Morris v. Ludlane, 2 H. B. 362, it was held, that

it was necessary to aver in the plea, that the defendant in attachment was indebted to the plaintiff within the City of London, as this was necessary under the custom of the City to authorize the attachment. Indeed, such are the difficulties attending the plea, that it is considered imprudent to plead the matter specially in bar, when it may be given in evidence under the general issue, as is the case when the action is assumpsit. See the note to Turbill's case, 1 Saunders, 67.

The plea in this case is bad, because it does not show that the Circuit Court of the United States had jurisdiction to issue the garnishment. Waiving all consideration of the question, that it is not averred in the plea that the Circuit Court had jurisdiction to render a judgment against David Jones, the assignor of the plaintiffs, and also whether the Courts of the United States can issue process of garnishment upon their judgments—to give the Court jurisdiction, it should have been averred in the plea, that the affidavit was made, which is the authority for issuing the process under the statute of this State. [Clay's Dig. 259, § 1, 2.] A judgment creditor has not the right as a consequence of his judgment to sue out garnishee process, but to entitle him to it, must make the affidavit which the statute requires. The necessity for this averment, is more apparent, when we consider that the process is not issued by a judicial officer, but *ex parte* by the clerk of the Court; on the application of the plaintiff, and if any intendment in favor of the regularity of the proceedings could be indulged in, which we have seen is not allowed in such a plea as this, it could not be made in favor of a mere ministerial act such as this is. It was therefore necessary that the plea should have contained an averment that the proper affidavit was made, without which the Court had no jurisdiction.

. Again, it should have been averred in the plea, that the entire debt was attached, if such was the fact, and if not, what portion thereof. This could only appear in such a case as this by the record of the judgment, on which the attachment issued, or at least by the averment of the amount recovered. The writ of garnishment merely requires the garnishee to appear and answer what he is indebted to the defendant in attachment; it affords no information whatever as to the amount claimed from the defendant in attachment. The averment

therefore in the plea, that the debt was attached by the service of a garnishment, does not show that the entire debt was attached, it may be but a small portion thereof. There may be other objections to the plea but these are sufficient to show that the the plea is bad, and that the demurrer to it was correctly sustained.

Notwithstanding, it is certain that an attachment pending, may be pleaded in abatement, against a suit by the creditor, for the same debt. We think the garnishee has the right, and it would be the most convenient practice, to apply to the Court in which such suit is pending for a stay of proceedings, until the attachment suit is determined; which it would be the duty of the Court to allow, upon being certified of the fact of the pending attachment for the same debt. And, notwithstanding, an omission to plead the fact in abatement, or an ineffectual attempt to do so, it would still be the duty of the Court upon the application of the garnishee, to stay the issuance of execution until the attachment is determined, upon a satisfactory indemnity being executed by the garnishee.

See the case of Fitzgerald v. Caldwell's Executors, 4 Dall. 251, where that course was pursued in a similar case. Let the judgment be affirmed.