CENTRAL SAVINGS BANK *vs.* REUBEN A. RICHARDS & others.

One who has promised in a telegraphic despatch to accept a bill of exchange is liable as acceptor to an indorsee who takes it on the faith of the despatch, although the agreement to accept was made in expectation of a consignment from the drawer, which was never received.

CONTRACT, by a banking corporation in St. Louis against Reuben A. Richards, James C. White and John E. White, doing business in Boston under the name of Richards and Company, as acceptors of a bill of exchange for $2500, drawn on the defendants by the St. Louis Zinc Company, dated August 16, 1870, payable thirty days after date to the order of Felix McArdle, secretary, and by him indorsed to the plaintiffs. The case was submitted to the judgment of the superior court, and, on appeal, of this court, upon a statement of facts of which the material parts were as follows:

The St. Louis Zinc Company in August 1870 were furnishing spelter to the defendants, who were wholesale metal merchants in Boston. On August 16, the defendants received the following telegraphic despatch from the St. Louis Zinc Company: "We are obliged to draw for $2500, thirty days. Answer." On the same day, the defendants replied by telegraph to the company: "You can draw for $2500 at thirty days." At this time nothing was due from the defendants to the St. Louis Zinc Company, but they were expecting an invoice of spelter to be sold on account

of the company. There was spelter in their hands which had been received from the company previously, and not then sold. The contemplated acceptance by the defendants of the bill of exchange in suit was upon the expectation of receiving an invoice of spelter; but the invoice never came to them, and was subsequently sold by the company to other persons. The defendants never had any consideration for the acceptance, except what appears from the facts herein stated.

The bill of exchange in suit was immediately drawn by the St. Louis Zinc Company and indorsed by McArdle, and on August 17 the company showed the telegram from the defendants to the plaintiffs, who thereupon purchased and discounted the bill, sent it to Boston, and presented it to the defendants; but the defendants refused to accept it, and it was protested.

If upon the foregoing facts the plaintiffs were entitled to recover, judgment was to be entered for them for the amount of the bill with interest and costs of protest, otherwise judgment for the defendants.

*R. Olney*, for the plaintiffs.

*J. Nickerson*, for the defendants.

MORTON, J. It is the settled rule that a promise in writing to accept a bill of exchange, drawn or to be drawn, is a virtual acceptance in favor of a person to whom the promise is shown and who takes the bill on the credit of such promise. This subject was carefully considered by the court in the recent case of *Exchange Bank of St. Louis* v. *Rice*, 98 Mass. 288, and it is sufficient to refer to the discussion in that case. The case at bar falls within this rule. The telegram sent to the St. Louis Zinc Company was an authority for it to draw the bill of exchange in suit, and necessarily implied a promise to accept it. This telegram was shown to the plaintiffs, who thereupon discounted the bill. They took the bill upon the faith of the defendants' promise, and are entitled to hold them as acceptors.

*Judgment for the plaintiffs.*