Starr *v.* Murchison.

---

# New York Marine Court.

*General Term—March*, 1878.

McADAM, GOEPP and SHERIDAN, JJ.

WALTER S. STARR, ET AL., PLAINTIFFS AND RE-SPONDENTS, *against* KENNETH M. MURCHI-SON, ET AL., DEFENDANTS AND APPELLANTS.

An unconditional promise in writing to accept a draft made before it is drawn is deemed an acceptance under the statute (1 *Edm. R. S.* 722, § 8) in favor of a person receiving the bill for a valuable consideration on the faith of such promise.

McADAM, J.—The unconditional promise of the defendants to accept the draft set out in the complaint before it was drawn must be deemed an acceptance thereof, under the statute (*Edm. R. S.* 722, § 8) in favor of the plaintiffs, provided they received the bill for a valuable consideration, and the evidence sufficiently proves this fact. The defendants could not lawfully revoke their written promise, amounting, as it does, to an acceptance, after the plaintiffs had parted with their property on the faith of it.

The written promise to accept was made on October 20, 1875, upon the understanding that the goods were to be shipped to Tyree & Armington, and they were so shipped on the same day. Tyree & Armington did not remit to the plaintiffs the promised draft until January

27, 1876, when the plaintiffs immediately sent it on to the defendants for formal acceptance.

The defendants refused to accept the draft, and at maturity refused to pay it, whereupon the plaintiffs brought the present action under the statute upon the defendants' written promise to accept.

The defendants contend that they are not liable on their promise, because the draft was not sent on for formal acceptance within a reasonable time after their written promise was made. Having made the promise in writing to accept the draft, and having thereby induced the plaintiffs to part with their property on the faith thereof, the defendant's liability became so fixed that it was not discharged by the delay in sending the draft on for more formal acceptance. Even if this question be regarded as a material one, it cannot be said that the plaintiffs unreasonably neglected to send on the draft; the plaintiffs could not very well send it on for acceptance or payment until they first received it from Tyree & Armington, the drawers, and whether unreasonable delay is to be imputed to the plaintiffs depends upon circumstances, which made that question one of fact, upon which the trial judge, by his judgment, must have found against the defendants.

The case was fairly tried, and no sufficient reason has been made to appear why there should be another trial (Johnson v. Clark, 39 *N. Y.* 218; 3 *Kent Com.* 6 ed. 84; Molson's Bank v. Howard, 40 *Superior Ct.* 15; Central Savings Bank v. Richards, 109 *Mass.* 413; Merchants' Ex. Nat. Bank v. Cardozo, 35 *Superior Ct.* 162; Barney v. Worthington, 37 *N. Y.* 116; Bank of Michigan v. Ely, 17 *Wend.* 513; Ulster Co. Bank v. McFarlan, 5 *Hill*, 432; 1 *Parsons on Bills*, 293, 294; Ontario Bank v. Worthington, 12 *Wend.* 593; Greele v. Barker, 5 *Wend.* 414; Burns v. Rowland, 40 *Barb.* 368; Blakiston v. Dudley, 5 *Duer*, 376; N. Y. & Virginia Bank v. Gibson, *Id.* 583).

The judgment appealed from must be affirmed with costs.

GOEPP and SHERIDAN, JJ., concurred.

This judgment was affirmed by the New York common pleas, general term.