LYNCH *v.* HARTFORD FIRE INS. CO.

SAME *v.* PHENIX INS. CO.

(*Circuit Court, D. New Hampshire.* August 20, 1883.)

1. PLEA OF LIS ALIBI PENDENS.
   A plea of *lis alibi pendens* is not good when the litigation is in a court of foreign jurisdiction.
2. SAME—RULE IN EQUITY AND ADMIRALTY.
   This rule is modified by courts of equity and admiralty, who will require a plaintiff, who has a suit pending elsewhere for the same cause and with an equally advantageous remedy, to elect which he will prosecute.
3. SAME—COMMON-LAW COURTS.
   Whether the courts of law may attain the same end through their power of postponing actions and suspending judgments, *quære.*
4. SAME—ATTACHMENT FROM STATE COURT.
   Plaintiff brought an action at law, and defendants pleaded in abatement that the amount in their hands due plaintiff had been attached by a trustee process from the state court by his creditors *Held,* that such plea was not available, but that a continuance *ex comitate* should be granted in order that the plaintiffs in the foreign actions might have an opportunity to make their attachments available. *Held, further,* that the garnishee might plead judgment and satisfaction in either court as a bar to further action in the other.

Plaintiff brought this action to recover the amount of insurance on his stock of groceries in store No. 44 Market street, Portsmouth, de-

stroyed by fire November 28, 1882, entered in this court at the May term. The insurance companies filed a plea in abatement, on the ground that the amount in their hands had been attached by trustee processes, by various creditors of Lynch.

*Frink & Batchelder*, for plaintiff.

*Mr. Page*, for defendants.

LOWELL, J. The defendants severally plead in abatement of these actions that before the date of the writs they were summoned as trustees or garnishees of the plaintiff in three actions in the superior court of Massachusetts, and one in the supreme court of New Hampshire, which are still pending. The plaintiff demurs. The general rule is that a plea of *lis alibi pendens* is not good when the litigation is in a court of foreign jurisdiction. We may regret this, but it has been repeatedly so held. This rule is modified by courts of equity and admiralty, who will require a plaintiff who has a suit pending elsewhere for the same cause; and with an equally advantageous remedy, to elect which he will prosecute. I am much inclined to think that courts of law will hereafter hold that they may attain the same end through their power of postponing actions and suspending judgments. See the very able opinion of a late eminent judge in *McHenry* v. *Lewis*, 22 Ch. Div. 397, and of the judges in *Peruvian Guano Co.* v. *Bockwoldt*, 23 Ch. Div. 225, overruling *Lord Dillon* v. *Alvares*, 4 Ves. 357, and doubting the case of *Cox* v. *Mitchell*, 7 C. B. (N. S.) 55, if it is to be understood as deciding that a court of law will take no notice of the pendency of a foreign suit.

In the case of a garnishee process pending in a foreign court, the supreme court of New York, KENT, C. J., decided in 1809, upon the authority of English cases which referred to domestic actions, and upon the ground that a garnishee could not otherwise be protected, that a plea in abatement was good. *Embree* v. *Hanna*, 5 Johns. 101. This decision was made before the law in this country had been settled that the courts of the states are to be considered as foreign to each other, and the courts of the United States as foreign to those of the states in this matter. It was held in New Hampshire, as late as 1850, that a plea of an action pending in the circuit court of the United States must be sustained. *Smith* v. *Atlantic Mut. Fire Ins. Co.* 22 N. H. 21. But, as I have said, the law is now settled otherwise. *Stanton* v. *Embrey*, 93 U. S. 548.

*Embree* v. *Hanna, ubi supra,* has often been cited and approved, but I have not found a case in which it has been followed when the precise point was in judgment, unless it be a case in 20 How., which I shall presently consider.

The courts, when called upon to decide the question, have uniformly held that a creditor ought to be at liberty to secure himself by action against his debtor who may be about to become insolvent or to abscond, or who may be in collusion with the foreign plaintiff, notwithstanding an earlier foreign garnishment, and that the only protec-

tion which the defendant can require is to have a continuance of the action, or a moulding of the judgment in such a form that he should not be obliged to pay the same debt twice. This I understand to be the decided law of Massachusetts, Alabama, California, New Hampshire, Vermont, Georgia, Indiana, and Louisiana. *Winthrop* v. *Carlton*, 8 Mass. 456; *Crawford* v. *Slade*, 9 Ala. 887; *McFadden* v. *O'Donnell*, 18 Cal. 160; *McKeon* v. *McDermott*, 22 Cal. 667; *Wadleigh* v. *Pillsbury*, 14 N. H. 373; *Drew* v. *Towle*, 27 N. H. 412; *Hicks* v. *Gleason*, 20 Vt. 139; *Shealy* v. *Toole*, 56 Ga. 210; *Smith* v. *Blatchford*, 2 Ind. 183; *Carroll* v. *McDonogh*, 10 Mart. 609.

Judge DRAKE, in his valuable work on Attachments, cites most of these cases, and gives his own opinion emphatically in section 701, note 4, that a plea in abatement should not be allowed. He gives rather more show of authority to the other side than it can maintain, for he puts New Hampshire on that side. The other cases which he cites in favor of the plea in abatement are correctly stated by him as *dicta* in these words: "Similar views have been expressed by the courts of," etc. I have examined these, all except *Near* v. *Mitchell*, 23 Mich. 382, which is not at this moment within my reach, and they are "views" and not decisions.

In the case of *Mattingly* v. *Boyd*, 20 How. 128, (CATRON, J., giving the opinion of the court,) *Embree* v. *Hanna*, which decides the point, and some other cases which contain the *dicta* above referred to are cited, and the decision is that by the law of Tennessee the statute of limitations did not run against the defendant while he was under garnishment in a court of Virginia, because he might have pleaded such garnishee action in abatement. The law of New Hampshire, which governs the case before me in matters of pleading, is different from that of Tennessee, as I have already shown. In the courts of this state the plea would not be allowed, and therefore, and, as I conceive, upon a very decided weight of authority and reasoning, it is not available in this action. I am further of opinion that, in all ordinary cases, a continuance should be granted *ex comitate* that the plaintiffs in the foreign actions may have an opportunity to make their attachments available. The case of seamen's wages has been held to be an exception, for reasons of policy, in *Ross* v. *Bourne*, 14 FED. REP. 858. The garnishee, of course, must be protected; but the ground taken in *Embree* v. *Hanna*, that his only protection is by plea in abatement, is not the law at present. He may plead judgment and satisfaction in either court as a bar to further action in the other. *Bank of North America* v. *Wheeler*, 28 Conn. 433; *Eddy* v. *O'Hara*, 132 Mass. 56.

Plea in abatement overruled. Action to stand continued.