MORRIS BARBE ET AL.

V.

HERMAN GLICK ET AL.

PRACTICE—PENDENCY OF ATTACHMENT IN ANOTHER STATE.—The pendency of an attachment suit in another State, will not abate an action of assumpsit subsequently brought in this State upon the same cause of action and between the same parties. Distinction made as to garnishees.

APPEAL from the Superior Court of Cook county; the Hon Elliott Anthony, Judge, presiding. Opinion filed December 8, 1886.

This was an action in assumpsit brought by appellants against appellees, to which appellees pleaded in abatement the pendency of a suit in which an attachment issued in the United States Circuit Court for the District of Colorado. The plea set out that said suit in Colorado was by the same plaintiffs and against the same defendants, and was upon the identical cause of action declared on in the present suit; that said suit was commenced before the present suit and was still pending and undetermined; that in said suit pursuant to the statutes of Colorado (the sections of which relating to the subject are set out at large in the plea), said plaintiffs, before the commencement of this suit, caused an attachment to be issued and levied on sufficient property of the defendants within said District of Colorado, wherewith to satisfy the demand of said plaintiffs in said action; that pursuant to said statutes of Colorado, defendants procured the release of the goods and property so attached, by making a deposit of a certain sum of money with the marshal, and executing and delivering to him an undertaking or release bond with sufficient sureties, in an amount equal to the value of the property attached, conditioned that in case the said plaintiffs should recover a judgment in said action and said attachment not be dissolved, then said defendants would deliver the property attached to the proper officer, or in default of such delivery pay to the plaint-

Barbe v. Glick.

iffs the full value of said attached property.   The plea then sets forth a certain stipulation between the parties in the district court and certain orders made in that court and concludes with the formal allegations and a prayer that the summons in the present suit be quashed.

To this plea plaintiffs below filed a general demurrer, which was overruled by the court, and plaintiffs electing to stand by the demurrer, there was judgment for the defendants, and plaintiffs appeal to this court and assign the overruling of the demurrer for error.

Messrs. MOSES, NEWMAN & REED, for appellants; that the pendency of a prior suit in another jurisdiction is not a bar to a subsequent suit in another State, even although the two suits are for the same cause of action, cited McJilton v. Love, 13 Ill. 494; Walsh v. Durkin, 12 Johns. 99; Stanton v. Embrey, 93 N. S. 554; Bowne v. Joy, 9 Johns. 221 ; Hatch v. Spafford, 22 Conn. 497; Maule v. Murray, 7 Term. 466 ; Imlay v. Ellefsen, 2 East, 457; Colt v. Partridge, 7 Met. 572; Smith v. Lathrop, 44 Pa. St. 328; Cox v. Mitchell, 7 C. B. (N. S.) 55; Wood v. Lake, 13 Wis. 91; Wadleigh v. Veasie, 3 Summ. 167; Loring v. Marsh, 2 Cliff. 322 ; White v. Whitman, 1 Curt. 494; Salmon v. Wotten, 9 Dana, 422; Yelverton v. Conant, 18 N. H. 122; Walsh v. Durkin, 12 Johns. 99; Davis v. Morton, 4 Bush. 444.

The cases cited in support of the *obiter dictum* of Judge Pleasants in Roche v. Rhode Island Asso., 2 Bradwell, 364, that " it seems the pendency of an attachment in another State, for the debt sued for, stands upon different grounds, and is pleadable in abatement," do not sustain the proposition, and are only applicable to garnishees.

Mr. B. J. WERTHEIMER, for appellees; that where a party has a complete remedy by an action commenced, another is abatable, cited Wallace v. McConnell, 13 Peters, 136 ; Renner v. Marshall, 1 Wheat. 215 ; Embree v. Hanna, 5 Johns. 101 ; Brooks v. Smith, 1 Salk. 280 ; Lawrence v. Remington, 6 Biss. 44; Nelson v. Foster, 5 Biss. 44; Branigan v. Rose, 3

Gilm. 128 ; Hailman v. Buckmaster, 3 Gilm. 500 ; Gould's Pleadings, 263, § 122 ; Wharton on the Conflict of Laws, § 787; 2 Parsons on Contracts, *607 ; Drake on Attachment, *701 ; Roche v. R. I. Ins. Asso., 2 Bradwell, 364.

MORAN, J. It has been repeatedly decided in this State that the mere pendency of a suit in another State can not be pleaded in bar or abatement of an action in this State between the same parties, and for the same cause of action. McJilton v. Love, 13 Ill. 186 ; Allen v. Watt, 69 Ill. 655. It is contended by counsel for appellees, however, that a different rule obtains where the suit in another State, which is pleaded in abatement of the action here, is a suit in attachment in which the property of the defendant has been levied upon under the process, and security thus obtained for the satisfaction of the judgment whenever rendered. A number of authorities are cited by counsel in support of his contention, but an examination of them discloses that counsel has misapprehended their tenor and effect. With one exception the cases cited by counsel are cases in which the defendant who pleaded the attachment suit in abatement or in bar, was a garnishee in the foreign attachment proceedings, and not the defendant therein, and pleaded such garnishment in bar of a suit by his creditor against him for the same debt for which he had been garnisheed. It is the doctrine in England that where one is summoned as a garnishee in an attachment proceeding, and the defendant in the attachment before judgment entered against the garnishee, sequestering or condemning the debt, sues the garnishee for that debt, the garnishee may plead the attachment in abatement. Brock v. Smith, 1 Salk. 280 ; McDaniel v. Hughes, 3 East, 367.

In Wallace v. McConnell, 13 Peters, 143, the defendant pleaded that the debt for which he was sued had been attached by proceedings commenced against the plaintiff under the Attachment Law, and that he, the defendant, had been summoned as garnishee. Though the plea was held bad because it appeared that the attachment was commenced subsequent to the suit in which the plea was filed, the court stated the

ground on which such pleas are sustained as follows: "The attachment of the debt in such case in the hands of the defendant, could fix it there in favor of the attaching creditor, and the defendant could not afterward pay it over to the plaintiff. The attaching creditor would in such case acquire a lien upon the debt, binding upon the defendant, and which the courts of all other governments, if they recognize such proceedings at all, could not fail to regard. The case of Embree v. Hanna, 5 Johns. 101, was a case of a garnishee who was arrested in New York for a debt which had been garnisheed in his hands by an attachment proceeding against his creditor instituted in the State of Maryland, of which State the garnishee was a resident. The court held the plea good, because if it were disallowed the defendant would be left without protection and be obliged to pay the money twice."

The attachment, then, which the courts in these cases allowed to be set up in abatement, was an attachment of the debt, which the suit sought to be abated was instituted to recover, and not an attachment of the goods of the defendant in a suit pending in another State to recover the same debt; and the rule is for the protection of the garnishee, and not at all for the benefit of the defendant in the attachment. The judgment against a garnishee is rather in favor of the defendant in the attachment suit than against him, and the defendant in the attachment is the only one authorized to take issue on the attachment affidavit or to take advantage of irregularities in the proceeding. The garnishee is practically helpless, and the attachment debtor, if he will not interpose to protect him in the attachment proceedings when he alone can do so, should at least be prevented from harassing him with another suit until the attachment proceedings are determined.

It is argued, however, that where a creditor has commenced an attachment suit against his debtor, and levied upon the property of the debtor in another State, the suit in this State, subsequently commenced by the creditor against the debtor for the same cause of action, should be abated by plea of the attachment suit, for the reason that the creditor has, in the attachment, a complete remedy. The attachment, it is said, gives

the creditor security, and he will be able to obtain satisfaction of his debt out of the property attached, if he obtains judgment in the suit.   Such is the reasoning of the court in the only case which the counsel has cited to us which at all supports his contention, that of Lawrence v. Remington, 6 Bissell, 44.   It will be readily seen that this reasoning proceeds upon a false assumption.   The creditor may fail to sustain his attachment, even though he gets judgment for the debt.   Under the statute law as it formerly stood in this State, if the suit was commenced by attachment, unless the creditor succeeded in the attachment issue, the suit was abated and no judgment could be taken for the debt, even though no denial of the debt was pleaded.   Under this law, the Supreme Court of this State held a plea in abatement setting up an attachment suit pending in the same court between the same parties and the same cause of action, bad, saying: "If the remedy by the former action may be partial or ineffectual, the plea in abatement can not prevail.   On this principle it is clear that the pendency of an attachment ought not of itself to abate a subsequent suit *in personam*.   Under our statute, an attachment is generally a mere proceeding *in rem*.   The judgment is *in rem* and not *in personam*.   It can only be satisfied out of the estate attached. No action can be sustained on the judgment, the record not affording *prima facie* evidence of indebtedness." Branigan v. Rose, 3 Gil. 123.

Whatever difference there may be in the statutes authorizing attachments, and governing the practice in such proceedings in the different States, the attachment itself is always a proceeding *in rem;* and though in the same suit the law may permit a judgment for the debt, *i. e.*, a judgment *in personam*, to be taken, yet, unless the plaintiff in the suit maintains his right to the attachment, the lien of the attachment upon the goods levied upon will be dissolved and the creditor can not subject it to the payment of his judgment.

In the case at bar the plea itself shows that while the plaintiffs may maintain their suit in Colorado to judgment, their remedy may be no more complete than if they had never sued out the attachment at all, but had commenced their action by

Barbe v. Glick.

ordinary process. The plea sets out that the goods attached were released upon an undertaking or release bond conditioned that in case the plaintiff should recover judgment in the civil action, *and said attachment not be dissolved* then the said defendants would re-deliver the property or pay the full value thereof, etc. Therefore the cause of action sued on here may be sustained in the Colorado court, and judgment finally rendered thereon, and yet the plaintiffs have no means whatever of satisfying their judgment. What, then, becomes of the argument that their remedy is complete in that suit because of the attachment? Instead of being complete, the remedy may clearly be ineffectual, and the plea presents no better ground for abating the action here pending, than would a plea setting up the pendency in another State, of an ordinary suit upon the same cause of action. So far as the opinion in Lawrence v. Remington is attempted to be based upon authority, the conclusion reached is wholly without support. The cases cited are Embree v. Hanna, 5 John. 101, and Wheeler v. Raymond, 8 Cowen, 311, both of which were cases on the right of a garnishee to plead the attachment of the debt in his hands in abatement of a suit upon the same debt by his creditor. Such cases, as we have already seen, proceed upon grounds wholly wanting when the attachment pleaded is upon the goods of the defendant in the suit, and furnish no precedent for sustaining a plea such as was considered in Lawrence v. Remington. Without intending to express any opinion as to whether such a plea as that in Embree v. Hanna, *supra*, would be a good plea in abatement in this State, we are very clear that the plea in abatement filed in this case was bad, and the court erred in overruling the appellants' demurrer to said plea. And for such error the judgment must be reversed and the cause remanded.

Reversed and remanded.