Per Curiam.
We feel constrained oy oho force of the decision in Embree v. Hanna (5 Johns. 101), to affirm the judgment of the district court, but we give to the plaintiff the right to appeal to the court of appeals.
We give that right because we think that the court of last resort should determine.
(1) Whether the situs of the claim of dealing against the railroad company was in the state of New York, where Dealing lives, or in the state of Connecticut, where the company has its principal office.
(2) Whether it be in the power of the legislature of Connecticut to alter the rights of a resident of New York, who may never have been m Connecticut, by enacting that his intangible property, a mere jus ad rem, shall have a situs in Connecticut.
*388 (3) Whether Hitchcock, a resident of Mount Vernon, N. Y., should be permitted to reach property exempt by the laws of New York from execution, by suing Dealing, also a resident of Mount Yemen, N. Y., in the courts of the state of Connecticut.