## GOULD v. CHICAGO, B. & Q. R. Co.

*(Supreme Court, General Term, First Department.* October 16, 1891.)

1. ABATEMENT—FOREIGN SUIT PENDING—GARNISHMENT.
　　In an action against a railroad company by the assignee of one of its creditors, the pendency, in another jurisdiction, of a suit against this creditor, in which plaintiff has intervened, and in which the railroad company was summoned to answer as garnishee, will not support a plea in abatement when the company has already paid the claim here sued on to one claiming under an assignment subsequent to plaintiff's.

2. JUDGMENT—RES JUDICATA—INTERVENTION.
　　A judgment for plaintiff in another suit against this creditor, in another state, in which the railroad company was garnished and this plaintiff intervened, is not a bar to his action, when the record shows that he afterwards dismissed his petition of intervention, and that the court in its decree recognized it as having been dismissed.

3. APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE.
　　The error in receiving in evidence on a trial by the court a judgment which is inadmissible is cured when the court refuses afterwards to treat it as conclusive.

4. SAME.
　　On a trial by the court, the erroneous admission in evidence of a judgment is without prejudice, when the facts sought to be established by it are amply proved by other witnesses.

Appeal from special term, New York county.

Action by Linus A. Gould against the Chicago, Burlington & Quincy Railroad Company. There was judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Wheeler, Cortis & Godkin, (Everett P. Wheeler* and *Lawrence Godkin,* of counsel,) for appellant. *Joseph M. Keatinge,* for respondent.

BARTLETT, J. This is an action brought to recover the amount of certain freight rebates due in the year 1884 from the Chicago, Burlington & Quincy Railroad Company to the firm of B. D. Brown & Co., of Burlington, Iowa. There was no dispute about the amount, which was agreed upon as being $3,316. The plaintiff, Linus A. Gould, sues as assignee of the firm of B. D. Brown & Co., claiming under an assignment executed by one of the partners, assuming to act in his own behalf and in behalf of the firm. The First National Bank of Burlington, Iowa, claimed these same freight rebates by vir-

tue of a subsequent assignment made to that institution by another member of the firm, also assuming to act in its behalf.    The defendant railroad company, with notice of the conflicting claims, made payment to the First National Bank of Burlington instead of to the plaintiff; and the main question litigated upon the trial of the present suit was whether or not the assignment to the plaintiff was valid.    The defendant contends that the finding of the trial court in favor of its validity is against the weight of evidence, and is based upon errors of law which demand a reversal of the judgment.    We will examine these alleged errors in the order in which they are presented in the brief for the appellant.

At the time of the trial there was pending in the circuit court of the United States for the southern district of Iowa an action between the First National Bank of Chicago, as plaintiff, and the firm of B. D. Brown & Co., as defendants, to which the Chicago, Burlington & Quincy Railroad Company and the First National Bank of Burlington had been made parties as garnishees of the firm of B. D. Brown & Co., and in which action this plaintiff, Linus A. Gould, had intervened, claiming the same freight rebates that he does in this action, and praying judgment therefor against the railroad company.    The defendant insists that the pendency of this suit constituted a bar to the prosecution of the present action.    The rule that the pendency of another action is ordinarily only a defense where the other action is pending in the same jurisdiction is not disputed, but the appellant argues that it does not apply to the case of a garnishee; and that, inasmuch as the defendant was sued as a garnishee in the circuit court case in Iowa, the pendency of that prior suit was a good defense in the present action against the same garnishee here. In support of this position the appellant relies chiefly on the well-known case of *Embree* v. *Hanna*, 5 Johns. 101, in which it was held that the pendency of foreign attachment proceedings in Maryland to reach a debt concededly owing by the defendant, but claimed by different parties, was pleadable in abatement to a suit against the defendant here to recover the same debt. "Nothing can be more clearly just," said Chief Justice KENT, "than that a person who has been compelled, by a competent jurisdiction, to pay a debt, should not be compelled to pay it over again.    It has accordingly been a settled and acknowledged principle in the English courts that where a debt has been recovered of the debtor, under this process of foreign attachment, in any English colony or in these United States, the recovery is a protection in England to the garnishee against his original creditor, and he may plead it in bar." Applying this principle to the case before the court, he added:  "If, then, the defendant would have been protected under a recovery had by virtue of the attachment, and could have pleaded such recovery in bar, the same principle will support a plea in abatement of an attachment pending and commenced prior to the present suit."    The doctrine of this decision was followed by the supreme judicial court of Massachusetts in the case of *Bank* v. *Rollins*, 99 Mass. 313, where it was said: "If the trustee process is prior in time, it is a defense to a subsequent action against the trustee in another state.    The doctrine constitutes an important exception to the ordinary rule that a *lis pendens* in a foreign court is not a good plea.    It is essential to justice, and to the protection of the party summoned as trustee, who might otherwise be harassed and imperiled without any fault of his own."

But the case at bar does not come within the reason of the rule which thus protects a defendant against whom proceedings are pending as garnishee in a foreign jurisdiction.    It is designed to guard him against the injustice of being constrained by different courts to pay the same debt twice.    After he has paid the debt voluntarily, however, to one of several claimants, he is no longer in a position to invoke the operation of the rule in his favor.    The element of compulsion, or possible compulsion, is then wholly wanting, and, if the debtor is thereafter harassed or imperiled, it cannot truly be said that it

is without fault of his own. It is simply because he has preferred to pay a particular claimant without being legally forced to do so, instead of awaiting a judicial ascertainment of the validity of the various claims to the debt. As another defense to the present action, the appellant pleaded, in a supplemental answer, a judgment rendered in the district court of Des Moines county, Iowa, on April 12, 1890, in a suit in which one Lew Robertson was plaintiff, and the firm of B. D. Brown & Co. were defendants. In this suit, the Chicago, Burlington & Quincy Railroad Company was attached as a garnishee, and Linus A. Gould intervened, and claimed, by virtue of the same assignment under which he claims in this action, to be the absolute owner of the balance due the firm of B. D. Brown & Co., "pretended to be garnished" in the hands of the railroad company. The garnishee answered, admitting that it had in its possession $976.71 belonging to B. D. Brown & Co., but showing that various claims were made thereto by the First National Bank of Burlington, Iowa, Linus A. Gould, and the First National Bank of Chicago, and asking that they be impleaded as defendants, and that their priorities be adjudged. Subsequently one N. P Sunderland also intervened, claiming the debt under another assignment from B. D. Brown & Co., and denying the priority of Gould's claim. The next important step in the case was the filing of a paper in behalf of Gould by his attorneys, which says: "Now comes the intervenor, L. A. Gould, and dismisses without prejudice his petition of intervention in this case." Then followed the judgment upon which the appellant relies. It recites the proceedings substantially as they have already been stated; "that on February 3, 1890, said Gould filed herein a written dismissal of his petition of intervention;" that the court finds in favor of the said N. P. Sunderland, assignee; and it concludes as follows: "It is therefore considered and adjudged that the claim of N. P. Sunderland, as assignee, to the said debt due from the said Chicago, Burlington & Quincy Railroad Company, as garnishee, is the first and superior claim thereto." On May 14, 1890, the judgment was modified by a declaration that it should not affect the rights of the plaintiff, Lew Robertson, and that the case, as between him and all other parties, was continued for further hearing.

Taking into consideration the entire record in this case in the district court of Des Moines county, and the testimony in reference to the proceedings therein, it is evident that the so-called judgment was a mere finding, neither accompanied nor followed by any order or direction that Sunderland should recover anything, or that the demand of Gould should be dismissed. It was nothing more than a declaration of the court that, when a final adjudication was reached, the claim of Sunderland should be preferred. This is not such a definite judgment as will constitute a bar to the prosecution of another action in this state. *Brinkley* v. *Brinkley*, 50 N. Y. 202. Furthermore, it would seem that Gould had ceased to be a party to the suit several months before the judgment was signed. The appellant argues that he was still before the court, inasmuch as no order is to be found in the record permitting his withdrawal; but the propriety and legality of such withdrawal appear to be recognized by the recital in the decree that he had previously filed a written dismissal of his petition of intervention, and by the care which the presiding judge took to have all expressions indicative of any adjudication against Gould stricken from the proposed judgment.

Two other alleged errors remain to be examined. One is the admission in evidence in behalf of the plaintiff of a judgment in an action brought by him against the Delaware, Lackawanna & Western Railroad Company. Its admissibility was doubtful, but it could have done no injury to the defendant; for the learned trial judge, as appears by his fourth conclusion of law, refused to treat it as conclusive, which was equivalent to giving it no effect at all. The other ruling of which complaint is made was the reception of the judgment roll in a suit against the firm of B. D. Brown & Co., brought by the

plaintiff to recover $10,000 money loaned. This judgment was obtained by default, after service of process on one partner only, long subsequent to the assignment under which the plaintiff now claims. I do not see how it could be evidence, as against this defendant, of a consideration for that assignment. All the material facts which it tended to establish, however, were amply proved by other evidence; and it seems hardly possible, therefore, that this judgment could have had any influence on the result. The judgment of the special term should be affirmed, with costs. All concur.