## BARNSDALL v. WALTEMEYER.

(Circuit Court of Appeals, Eighth Circuit.  November 29, 1905.)

No. 2,237.

1. APPEAL AND ERROR—FINDING OF FACT NOT REVIEWABLE WHERE SUBSTANTIAL EVIDENCE TO SUSTAIN IT—RULINGS THAT MAY BE REVIEWED.

A special finding of facts, in an action at law in which a jury has been waived, is not reviewable on the ground that it is not supported by the weight of evidence, but is conclusive if there is substantial evidence to sustain it.

Decisions upon the admission and exclusion of evidence, upon questions of law, upon the question whether or not there is any substantial evidence to warrant the finding, and upon the question whether or not the finding supports the judgment, are the only rulings at the trial that may be reviewed by writ of error in such a case.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3990.]

2. ABATEMENT—PENDENCY OF ANOTHER ACTION IN A STATE COURT.

The pendency in a state court of a prior action between the same parties for the same cause constitutes no bar to, and furnishes no ground for the abatement of, a subsequent action in the federal court.

[Ed. Note.—For cases in point, see vol. 1, Cent. Dig. Abatement and Revival, § 87.

Pendency of action in state or federal court ground for abatement of action in the other, see note to 47 C. C. A. 205.]

3. SAME—PRIOR GARNISHMENT OF DEFENDANT IN STATE COURT NO BAR.

A prior garnishment of a debtor in a state court, in an action by a third party against his creditor, constitutes no bar to an action by the latter against his debtor to enforce his original claim, and it seems that it constitutes no ground for an abatement of the action.

4. ERROR, WRIT OF—PLEA IN ABATEMENT—RULING NOT REVIEWABLE.

A ruling upon a plea in abatement is not reviewable by writ of error in the federal courts.

5. BILLS AND NOTES—ACCEPTED BILL ASSIGNMENT PRO TANTO.

An accepted bill of exchange is an assignment to the payee to the extent of its amount of any debt due from the debtor to the drawee.

**6. Same—Promise to Accept Relied upon a Sufficient Acceptance.**

A promise to accept a bill or order not in existence, but subsequently drawn in favor of the promisee, who takes it for a pre-existing debt, is a good acceptance.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 150.]

**7. Same—Qualified Acceptance—Fulfillment of Condition.**

A qualified or conditional acceptance is as binding and effective as an absolute acceptance upon a compliance with its conditions.

But such an acceptance is ineffective when its conditions have not been, and probably never will be fulfilled.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 143.]

**8. Frauds, Statute of—Pleading of Agreement is of a Written Agreement.**

Where a written contract is indispensable to a valid agreement, a pleading of an agreement that does not affirmatively show that it was not in writing is a pleading of a written agreement.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Frauds, Statute of, §§ 353, 354.]

**9. Election of Remedies—What Constitutes.**

The fatuous choice of a fancied remedy that never existed and the futile pursuit of it until the court adjudges that it never had existence is no defense to an action to enforce an actual remedy inconsistent with that first invoked.

A suit to rescind a contract for misrepresentation and default of performance, which was dismissed on its merits, is no defense to an action to enforce the contract.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Colorado.

S. A. Giffin and W. H. Bryant, for plaintiff in error.

E. C. Mason, T. W. Hoyt, Caldwell Yeaman, and Frank E. Gove, for defendant in error.

Before SANBORN, Circuit Judge, and PHILIPS and CARLAND, District Judges.

SANBORN, Circuit Judge. Thomas S. Waltemeyer brought an action against T. N. Barnsdall to recover $10,000 and interest, which he alleged that Barnsdall, in February, 1900, had promised to pay to him and Millard F. Leech out of the first moneys he received for ore taken from the property of which the $10,000 was a part of the purchase price. Leech had assigned his interest in this obligation to Waltemeyer. Barnsdall interposed five defenses, but the court overruled each of them and rendered judgment for the plaintiff. These rulings are assigned as error, and they will be considered in their order.

The first defense was that the promise was to pay $10,000 out of the first net proceeds of the property sold; that this property consisted of a mine; that the expense of operating it had been more than the income from the ore derived from it; and that there never had been any net proceeds. A jury was waived, and this issue was tried by the court. The evidence was oral testimony. There was sufficient to sustain a finding of the issue either way, and the court made a special

finding of facts in favor of the plaintiff. When, in an action at law, a jury is waived and the court tries an issue of fact and makes a special finding upon which the substantial evidence is conflicting, the losing party may not reverse it by writ of error because it was not sustained by the weight of evidence. Hughes County v. Livingston, 104 Fed. 306, 319, 43 C. C. A. 541, 555. The only reviewable questions upon a writ of error to reverse a judgment upon such a trial are the rulings upon the admission and exclusion of evidence, upon questions of law, upon the question whether or not there was any substantial evidence in support of the finding, and upon the question of the sufficiency of the facts to support the judgment. Rev. St. § 700 [U. S. Comp. St. 1901, p. 570]; Clement v. Insurance Co., 7 Blatch. 51, 53, 54, 58, Fed. Cas. No. 2,882; The Francis Wright, 105 U. S. 381, 387, 390, 26 L. Ed. 1100; The City of New York, 147 U. S. 72, 76, 77, 13 Sup. Ct. 211, 37 L. Ed. 84; Laing v. Rigney, 160 U. S. 531, 540, 16 Sup. Ct. 360, 40 L. Ed. 525; Ward v. Joslin, 186 U. S. 142, 147, 22 Sup. Ct. 807, 46 L. Ed. 1093; Mercantile Co. v. Wood, 8 C. C. A. 658, 660, 60 Fed. 346, 348. The testimony was sufficient to warrant the finding, and no other issue is presented by the challenge of the trial of the first defense.

The second defense was that the receiver of the Midget Mining & Milling Company, a corporation, had brought a suit in a state court against both of the parties to this action to recover the property which was the subject of the contract of sale from Waltemeyer and Leech to Barnsdall and to rescind that agreement on the grounds that Waltemeyer and Leech held their interest in the property in trust for the corporation and were not authorized to make the sale, that the contract of sale was without consideration and without mutuality, and that Barnsdall had made default in its performance. To the statement of this defense a demurrer was sustained. This ruling is alleged to be erroneous because the answer disclosed the fact that there was a prior action pending in the state court between the same parties for the same cause as is this action. But the suit in the state court which was pleaded was not between the same parties, but between a third party upon one side and both the parties to this action on the other, and it was not upon the same cause of action— that is to say, upon the promise of Barnsdall to pay the $10,000 to Waltemeyer and Leech—but upon alleged grounds for the avoidance of that promise, the rescission of the agreement in which it was contained, and the transfer of the property which was the subject of it to the corporation. Moreover, this is a simple action at law to enforce the payment of a contract debt. If there had been a prior action pending in the state court between the plaintiff and the defendant to enforce the payment of this debt, it would have presented no bar to, and would have furnished no ground for, the abatement of this action. The pendency in a state court of a prior action between the same parties for the same cause furnishes no defense to a subsequent action in the federal court. Barber Asphalt Pav. Co. v. Morris, 66 C. C. A. 55, 58, 132 Fed. 945, 948, 67 L. R. A. 761, and the cases there cited.

A demurrer was sustained to the plea of the third defense, which was that on August 10, 1902, before the commencement of this action, Barnsdall had been garnished in an action between Holmes and Allen, plaintiffs, and Leech, Waltemeyer, and another, defendants, that Barnsdall had answered the garnishee summons to the effect that he did not then owe any of the defendants in that action anything, and had set forth other facts, and that the garnishee proceeding was still pending and undetermined. These facts were insufficient to constitute a plea in bar of any part of the cause of action here presented. They entitled the defendant to nothing more in any event than a stay of the entry of judgment against him to the extent of the amount with which he might be charged in the garnishee proceeding until the final disposition of that proceeding, or until the expiration of a reasonable time for the garnishee to bring it to a final determination. Barber Asphalt Pav. Co. v. Morris, 66 C. C. A. 55, 58, 132 Fed. 945, 948, 67 L. R. A. 761. If the concession were made that the facts here stated constitute a good plea in abatement and that the court below should have sustained them, then its ruling upon this subject is not fatal to the judgment challenged, because a judgment may not be reversed in the federal courts for error in ruling any plea in abatement. Rev. St. § 1011 [U. S. Comp. St. 1901, § 1011, p. 715]; Crawford v. Clute & Mead, 7 Ala. 157, 159, 41 Am. Dec. 92; Haselton v. Monroe, 18 N. H. 598, 599; Embree & Collins v. Hanna, 5 Johns. 101; Hacker v. Stevens, Fed. Cas. Nos. 5,887, 5,888. Since the judgment may not be disturbed on account of this ruling, even if it is erroneous, it is unnecessary to determine the question whether or not a prior garnishment of a debtor in a state court which has not passed to final judgment against the garnishee constitutes good ground for a plea in abatement to an action in a federal court against the garnishee by his creditor to enforce his claim, and that issue is not decided. But it is difficult to perceive how these facts can sustain a plea in abatement, because a stream may not rise higher than its source. One who sues a creditor and garnishees the latter's debtor in a state court has no greater or better right to enforce the claim against the debtor than the latter's creditor had. If the creditor had brought a prior action against his debtor in the state court, that fact would not have sustained a plea in abatement of a subsequent action between the same parties to enforce the same claim in a federal court, and it is not perceived how a garnishment of the debtor by a creditor of his creditor can furnish ground for a better plea. While there is a conflict of decisions upon this question, and the earlier authorities, some of which are cited above, are to the contrary, the later decisions and the weight of authority and of reason seem to support this view. Lynch v. Hartford Fire Ins. Co. (C. C.) 17 Fed. 627, 629, and cases there cited; Winthrop v. Carleton, 8 Mass. 456; Crawford v. Slade, 9 Ala. 887, 44 Am. Dec. 463; McKeon v. McDermott, 22 Cal. 667, 669, 83 Am. Dec. 86; Morton v. Webb, 7 Vt. 123; Drake on Attachment (7th Ed.) § 701.

The fourth defense was that on October 18, 1900, before the commencement of this action, Leech and Waltemeyer gave a written

order upon the defendant to pay to the National State Bank of Boulder $1,250; that the defendant agreed to pay this order when the money became due from him to Leech and Waltemeyer, or to whomsoever the same might become due; and that the order is still outstanding and unpaid "because no money has yet become due to Leech and Waltemeyer or to T. S. Waltemeyer, claimed to be the assignee of the interest of the said Leech, and the said money will not become due until the same has been received from the net profits of the Boulder county mines aforesaid." An accepted bill of exchange becomes an assignment to the extent of its amount to the payee of any debt due from the drawee to the drawer. The acceptor of such a bill by his assent binds and appropriates to the payee the funds of the drawer in his hands, or the amount which he owes to the drawer, to the amount of the bill. Mandeville v. Welch, 5 Wheat. 277, 288, 5 L. Ed. 87; First National Bank v. Dubuque S. W. Ry. Co., 52 Iowa, 378, 383, 3 N. W. 395, 35 Am. Rep. 280; Tiedeman on Commercial Paper, § 5b. A promise to accept or to honor a bill or order not in existence, but subsequently drawn in favor of the promisee, who takes it for value or for a pre-existing debt, is as effective as an acceptance after the order is drawn. Coolidge v. Payson, 2 Wheat. 66, 4 L. Ed. 185; State National Bank v. Young (C. C.) 14 Fed. 889; Central Savings Bank v. Richards, 109 Mass. 413, 414. The promise to pay the order which is said to constitute the acceptance in this case is assailed upon two grounds: It is said that it was void under the statutes of Colorado because it was not in writing (3 Mills' Ann. St. Rev. Supp. p. 125, art. 2), and that it was ineffective because it was a qualified or conditional acceptance and the condition had never been fulfilled. Conceding, without considering or deciding the question, that a writing signed by the defendant was indispensable to the validity of this acceptance or promise to pay the order or draft, the legal presumption arises from the pleading that it was in writing. The answer does not affirmatively show that the promise was by parol. The averment is that "this defendant agreed to pay the order when the money became due." Where a writing is indispensable to a valid contract, a plea of an agreement which does not affirmatively disclose the fact that the contract was made by parol is a plea of a written agreement. The fact that at the trial of the first defense evidence was introduced to the effect that the promise to pay the order was oral is not material, and cannot be considered at this time because that testimony had not been produced when the demurrer was sustained, and no issue has been framed or tried to determine the question whether it was verbal or in writing.

A qualified acceptance which is taken and relied upon by the payee becomes, upon a compliance with its condition, as binding an obligation and as effective an assignment of the debt as an absolute acceptance. Green v. Raymond, 9 Neb. 295, 298, 2 N. W. 881; Ford v. Angelrodt, 37 Mo. 50, 55, 88 Am. Dec. 174. But there must be a compliance with the condition to make such an acceptance effective. The defendant alleged that his acceptance was conditioned by his realization of net profits from the mines in Boulder county and that no

such profits had ever been realized. As, according to his averment, no net profits had ever been realized from the mines, and there was no allegation that there was any probability that any such profits ever would be derived from them, and the defendant's liability would not accrue until such profits were secured, the logical conclusion from the pleading was that the defendant never had become, and never would become, liable to pay the $1,250 to the bank, and hence the averments regarding it constituted no defense to the action of Waltemeyer. It is true that at the trial of the first defense the court found from the evidence there introduced that $10,000 was due from the defendant to Waltemeyer, although the former had derived no net profits from the mines. But this fact was negatived by the defendant's averments of his fourth defense and was not established until long after the ruling upon the demurrer to it. The only question regarding that defense which is here presented is whether the court below erred in sustaining the demurrer to the averments which set it forth. In considering that question, this court must place itself in the shoes of the court below when it made the ruling upon the demurrer. At that time the issue of fact whether or not the $10,000 became due before net profits were realized from the mines had not been tried or determined. The allegations of the defendant in his statement of his fourth defense were that he did not owe and never would owe anything until such net profits were realized, and that none had ever been derived from the mines. The demurrer conceded the truth of these averments. Under that concession the defendant never became, and never would become, liable to the bank on account of his acceptance of the order for the $1,250, because no net profits ever had been or would be realized. The allegations regarding the order for $1,250, therefore, constituted no defense to the action, and the demurrer to them was properly sustained.

The fifth defense was that the plaintiff brought a suit in equity against the defendant in the court below to rescind the agreement which the plaintiff is seeking to enforce in this action for the misrepresentation and fraud of the defendant and for his failure to perform his part of the contract, and that that suit was, on August 3, 1903, dismissed upon its merits. It is contended that by the institution and prosecution of this suit in equity the plaintiff irrevocably elected to rescind the contract, and thereby estopped himself from maintaining this action to enforce it. But the fatuous choice of a fancied remedy that never existed, and its futile pursuit until the court adjudges that it never had existence is no defense to an action to enforce an actual remedy inconsistent with that first invoked through mistake. In re Van Norman, 41 Minn. 494, 496, 43 N. W. 334; Morris v. Rexford, 18 N. Y. 552, 557; Butler v. Hildreth (Mass.) 5 Metc. 49, 52; Kelsey v. Murphy, 26 Pa. 78, 83; Bunch v. Grave, 111 Ind. 351, 12 N. E. 514; McLaughlin v. Austin (Mich.) 62 N. W. 719, 720; Kinney v. Kiernan, 49 N. Y. 164, 169; McNutt v. Hilkins, 80 Hun, 235, 239, 29 N. Y. Supp. 1047; Gibbs v. Jones, 46 Ill. 319, 321. This rule is well illustrated in Morris v. Rexford, 18 N. Y. 552, 557, where the plaintiff sold merchandise upon the promise of an imme-

diate payment of the purchase price in cash and repeatedly demanded payment, but nothing was paid. He replevied the goods and they were delivered to him under the writs, but the actions in replevin had not been tried when another action, which the plaintiff had brought upon the contract to recover the purchase price, was tried and he secured a judgment. This judgment was reversed, and the case was remanded for a new trial, under instructions that the actions of replevin and the recovery of the goods under them constituted an election of that remedy and a bar to the action upon the contract, if the plaintiff had a choice of remedies when he commenced the actions in replevin, but that—

"If it shall appear on another trial that no such right of election existed, then the replevin suits will have no effect at all upon the present controversy, and the plaintiff will be entitled to recover, provided the jury shall again find that the defendant was the purchaser. * * * What effect a final recovery in the present suit may have upon the replevin need not now be considered, further than to observe that such a recovery will necessarily determine that the prior actions of replevin are not maintainable "

The pleading of the plaintiff's election in the case at bar sets forth the fact that the court dismissed the plaintiff's bill, to rescind the contract, upon its merits. This was an adjudication of every issue presented in the equity suit, and, among others, was a conclusive affirmation of the proposition that the plaintiff had no right to rescind, and hence no choice of remedies. The demurrer to the plea of the fifth defense was therefore rightly sustained.

There was no error in the proceedings in this case, and the judgment below is affirmed.